HERRST *v.* REGENTS OF THE UNIVERSITY OF MICHIGAN.

1. LANDLORD AND TENANT—LANDLORD NOT LIABLE BECAUSE OF POSSIBILITY OF MISUSE BY TENANT.

A landlord is not liable for the use of premises by a tenant in such a way as to occasion damage to a neighboring proprietor, merely because there was a possibility of their being so used.[1]

2. SAME—LANDLORD NOT LIABLE FOR ACTS OF TENANT IN ABSENCE OF EVIDENCE OF NEGLIGENCE.

In the absence of evidence of any negligence on the part of a landlord or its agent in allowing a tenant to build a barn on the leased premises or in the use

[1] Landlord and Tenant, 36 C. J. § 959.

made of it, there is no liability on their part for damages caused to an adjoining landowner when said barn burned as the result of a trespassing boy smoking cigarettes thereon; no violation of the State housing code (Act No. 326, Pub. Acts 1919, § 18) being shown.[2]

Error to Washtenaw; Sample (George W.), J. Submitted April 16, 1925. (Docket No. 95.) Decided June 18, 1925.

Case by John E. Herrst and another against the regents of the University of Michigan and Edward C. Pardon for the negligent burning of plaintiffs' barn. Judgment for plaintiffs against defendant Pardon. He brings error. Reversed, and judgment ordered entered for appellant.

*Cavanaugh & Burke,* for appellant.

*Jacob F. Fahrner* (*Carl A. Lehman,* of counsel), for appellees.

WIEST, J. Plaintiffs own a lot on Belser street in the city of Ann Arbor. The regents of the University own a lot on Volland street in the same city. Plaintiffs' lot and the University lot abut at the rear. Defendant Edward C. Pardon, in July, 1923, was superintendent of buildings and grounds held by the regents and, as such, had permitted Earl Rising, tenant of the Volland street lot, to build a barn on the lot, so close to the line and near a barn standing on plaintiffs' lot that, when the Rising barn burned, July 26, 1923, it set fire to plaintiffs' barn and destroyed it and its contents. This suit was brought to recover the loss suffered by plaintiffs, and verdict was had against both defendants, but judgment against defendant Pardon alone. The regents were discharged from liability under the authority of *Robinson* v. *Washtenaw Circuit Judge,* 228 Mich. 225. Defendant Pardon reviews

---

[2]Landlord and Tenant, 36 C. J. § 959.

by writ of error. Plaintiffs claim it was the duty of Mr. Pardon to supervise the use made by the tenant of the property rented from the regents and prevent the tenant from endangering plaintiffs' property. It is claimed the tenant of the regents built his barn within about three feet of the rear lot line and within about four feet of plaintiffs' barn, fastened some pieces of 2x4 to plaintiffs' barn in violation of the housing code of the State, piled combustible material between the barns and permitted children to frequent the barn. The day of the fire a 12-year-old boy, it is claimed, came out of the barn with a cigarette and soon thereafter the Rising barn was discovered on fire, and the fire spread to and destroyed plaintiffs' barn. What negligence of defendant Pardon was the proximate cause of this fire? Assuming, but not deciding, that the liability of Mr. Pardon is the same as that of an owner, did the duty rest upon him to so supervise the use of the barn by the tenant as to prevent children from being permitted therein or to prevent some trespassing boy from visiting the premises and smoking therein? We think not.

A landlord is not liable for the use of premises by a tenant in such a way as to occasion damage to a neighboring proprietor, merely because there was a possibility of their being so used. The wrong in such a case is that of the tenant and the liability therefor will stop with the tenant. The erection of the barn was lawful and its use legitimate. Any abuse of rights of neighboring proprietors in the use of the barn by the tenant was not chargeable to the landlord unless such abuse was sanctioned by the landlord; and such sanction could not rest upon implied notice and acquiescence. If the fastening of the 2x4 to plaintiffs' barn was wrongful, still there is nothing in the case to show defendant directed, sanctioned, or even knew that it had been done, and besides, it cannot be said

to have had even a causal connection with the fire. The same may be said of the claimed combustible material piled between the barns, for the fire did not originate in such material, neither was such material the cause of carrying the fire to. plaintiffs' barn.   Up to the very hour of the fire there had been nothing done by the tenant which would have justified the landlord in ending his tenancy.   If in law the landlord could not have interfered with the use made by the tenant of the premises, surely liability for such use does not fasten to the landlord.   There is no evidence in the case of a violation of the State housing code. Section 18, Act No. 326, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 5180 [19]), upon which plaintiffs rely, has no bearing.   This section regulates the space *between buildings on the same lot with a dwelling;* permits a stable at the rear of a lot but requires a passage at least three feet wide from the yard to an alley.   The barn built by the tenant was wholly upon the land of the regents and there was no negligence on the part of the regents or of their agent in permitting it to be built close to the line.   Plaintiffs claim the fire was set in the Rising barn by the 12-year-old boy lighting a cigarette therein.   This boy, so far as the record shows, was a trespasser.   The tenant had no children.   But it is said the tenant had ponies in the barn and this called children and it was the duty of defendant Pardon to notice such fact.   The evidence fails to show smoking by children about the barn previous to the date of the fire.   It was not the duty of Mr. Pardon to pay attention to the fact that the tenant had ponies in the barn and this called children, nor should he have anticipated that some boy might visit the barn and smoke therein.

The circuit judge instructed the jury that:

"Something was said to you about the construction of the barn contrary to the housing code.   Unless

you find that was the proximate cause of the injury complained of, of course you could not find for the plaintiffs in this cause."

We have searched this record to discover what violation, if any, with reference to the provisions of the housing code, was before the jury, and find none.    If there was no violation of the housing code permitted or acquiesced in by Mr. Pardon, then he is not liable in this case.    The building of the barn did not violate the housing code.    The two barns being less than four feet apart rendered it inevitable that the burning of one would spread to the other and the combustible material, if any, lying between the two barns, cannot be said to have caused the fire to spread from one barn to the other.    The proximate cause of the fire was under plaintiffs' evidence the careless act of an intruding boy.

*Rowland* v. *Kalamazoo Sup'ts of Poor,* 49 Mich. 553, relied on by plaintiffs, involved liability arising from negligently permitting set fires to spread, to the injury of a neighboring proprietor, and lays down no rule aiding plaintiffs in this case.    We find no negligence chargeable to defendant Pardon rendering him liable in this case.    The proximate cause of the fire was not his failure to perform any duty or in permitting the tenant to perpetrate a wrong.    The court should, notwithstanding the verdict, have entered judgment in favor of Mr. Pardon.

The judgment is reversed and the case remanded with direction to enter such judgment.    Defendant Pardon will recover costs.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.