## DeNOYER v. CITY OF ANN ARBOR.

1. NEGLIGENCE—CHILDREN—STANDARD OF CARE.

The due care of a child for its own safety must be measured by the care the ordinary child of similar age, experience, judgment, and physical and mental development may be reasonably expected to observe under similar circumstances.

2. SAME—FINDING AS A MATTER OF LAW.

A finding of negligence as a matter of law is proper only when it can be said that all reasonable men would agree that the action involved was negligent under the circumstances then existing.

3. SAME—CHILDREN—FINDING OF NEGLIGENCE AS MATTER OF LAW.

Action of plaintiff 11-year-old child in placing her hand in such a position, as she entered a warming shed walking on ice skates, that the heavy steel door of the shed, closing with excessive speed because of an improperly installed and adjusted door closer, caught her little finger between the door and the hinge side of the door frame, severing it, *held,* not negligence of the child as a matter of law.

Appeal from Washtenaw; Breakey (James R., Jr.), J. Submitted Division 2 June 7, 1967, at Lansing. (Docket Nos. 2,747, 2,748.) Decided December 5, 1967.

Actions by Barbara J. DeNoyer, a minor, by Doris H. DeNoyer, her guardian, and John M. DeNoyer against the City of Ann Arbor, Minion Construction

REFERENCES FOR POINTS IN HEADNOTES

[1] 38 Am Jur, Negligence §§ 25, 204.
[2] 38 Am Jur, Negligence § 344.
[3] 38 Am Jur, Negligence §§ 204, 344.

Company, Inc., a Michigan corporation, and Colvin, Robinson, Wright & Associates, a partnership, for personal injuries sustained by minor plaintiff. Cases consolidated for trial. Judgment of no cause of action. Plaintiffs appeal. Reversed and remanded.

*Shirley J. Burgoyne,* for plaintiffs.

*Jacob Fahrner,* for defendant City of Ann Arbor.

*Ralph C. Keyes,* for defendants Minion Construction Co., Inc., and Colvin, Robinson, Wright & Associates.

Quinn, J. These actions were brought to recover damages for personal injuries sustained by the minor plaintiff while in a warming shed at an ice skating rink, both operated and maintained by defendant city, and for the incidental expenses arising therefrom and incurred by her father. Defendant Minion constructed the shed under the supervision of, and pursuant to specifications drawn by the other defendant. The cases were consolidated below and are considered together here.

All defendants moved for summary judgment (GCR 1963, 117), and after extensive argument thereon, the trial court found the sole and proximate cause of the injury to the minor plaintiff was her negligent act which barred recovery. Pursuant to such finding, an order entered granting such motions on the basis plaintiffs' complaints failed to state a cause of action (GCR 1963, 117.2[1]) because of the negligence of the injured minor plaintiff. Plaintiffs appeal.

The sole issue presented is whether the trial judge found properly as a matter of law that the minor

plaintiff was guilty of negligence which barred recovery.

In the posture of these cases before this Court, the only facts necessary to consider and recite are those which establish the conduct of the minor plaintiff and the circumstances existing at the time of the injury. They are as follows: at the time of the injury, the minor plaintiff was 11 years of age. She entered the warming shed walking on ice skates and proceeded toward a seat. In so doing, she placed her left hand in such a position that it was caught between the door she had entered and the door frame on the hinge side. When the door closed it severed a portion of her little finger. Visibility in the shed was not obscured nor was the minor plaintiff shoved or pushed into the position which made the injury possible. Plaintiffs alleged, and for purpose of this decision we accept as true (*Robbins* v. *Evening News Association* [1964], 373 Mich 589), that the door involved was a heavy steel door which closed with excessive speed because of an improperly installed and improperly adjusted closing device.

In making its finding of negligence on the part of the minor plaintiff, the trial court referred to the following statement in *Camp* v. *Spring* (1928), 241 Mich 700, as relevant: "We are mindful, however, that the peril to fingers in a door jamb is not only obvious, but one of the first lessons taught by experience of childhood." This statement is the last statement in an opinion holding that plaintiff had failed to establish defendant's negligence in a door closing case. In *Camp*, an adult plaintiff had entered a car in a funeral procession and when defendant funeral director closed the door, plaintiff's fingers were caught in the door jamb. The statement referred to is dictum, and if it were not, it could not control here because of essential factual differences in the cases at bar.

We believe 2 well established rules are dispositive of the question before us:

The due care of a child for its own safety must be measured by the care the ordinary child of similar age, experience, judgment, and physical and mental development may be reasonably expected to observe under similar circumstances. *Denman* v. *Youngblood* (1953), 337 Mich 383.

A finding of negligence as a matter of law is proper only when it can be said that all reasonable men would agree that the action involved was negligent under the circumstances then existing. If there is a doubt as to such agreement, the question is for the jury. *McCullough* v. *Ward Trucking Company* (1962), 368 Mich 108.

We entertain such a doubt and hold that the trial court should have done so.

Reversed and remanded, with costs to plaintiffs.

LESINSKI, C. J., and BAUM, J., concurred.