ARMSTRONG v ROSS TOWNSHIP

1. JUDGMENT—SUMMARY JUDGMENT—MOTIONS—SUPPORTING AFFIDA-
   VITS—NO GENUINE ISSUE—COURT RULES.
   The lack of supporting affidavits is fatal to a motion for summary
   judgment on the grounds that except as to the amount of
   damages there is no genuine issue as to any material fact, even
   absent objection by the nonmoving party at the trial court level
   (GCR 1963, 117.2[3], 117.3).

2. JUDGMENT—SUMMARY JUDGMENT—MOTIONS—FAILURE TO STATE A
   CLAIM—PLEADINGS—IMMUNITY FROM SUIT—COURT RULES.
   The Court of Appeals, on review of a motion for summary
   judgment on the ground that the opposing party has failed to
   state a claim upon which relief can be granted, accepts as true
   all of the nonmoving party's factual allegations as well as any
   conclusions which can reasonably be drawn therefrom and
   determines whether the nonmoving party's claim, on the plead-
   ings, is so clearly unenforceable as a matter of law that no
   factual development can possibly justify a right to recovery;
   where immunity from suit is an issue the complaint must plead
   facts in avoidance of immunity (GCR 1963, 117.2[1]).

3. TORTS—TOWNS—DISCHARGE OF GOVERNMENTAL FUNCTIONS—GOV-
   ERNMENTAL IMMUNITY—STATUTES.
   A township, as a governmental agency engaged in the discharge
   of governmental functions, is immune from tort liability by

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Summary Judgment § 16.
[2] 4 Am Jur 2d, Appeal and Error § 104.
    73 Am Jur 2d, Summary Judgment § 13.
[3] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 3.
[4] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 53,
    55.
[5] 82 Am Jur 2d, Zoning and Planning § 102.
[6] 82 Am Jur 2d, Zoning and Planning § 13.
[7, 10] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 45.
[8] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 85.
[9] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 42–
    44.

statute, subject to several exceptions (MCLA 691.1407; MSA 3.996[107]).

4. TORTS—GOVERNMENTAL IMMUNITY—TAKING OF PRIVATE PROPERTY —CONSTITUTIONAL LAW—INVERSE CONDEMNATION.

The Legislature's power to grant governmental agencies sovereign immunity is limited by the constitutional provision prohibiting the taking of private property for public use without compensation; a compensatory obligation arises under the constitution, not in tort, for inverse condemnation and sovereign immunity does not insulate the state from liability thereon.

5. ZONING—TOWNSHIPS—CONFISCATION OF PROPERTY—DIMINUTION OF VALUE.

A township may not so restrictively zone property as to confiscate it; however, property is not confiscated unless a zoning ordinance would preclude its use for any purpose to which it is reasonably adopted; mere disparity in value between uses or depreciation in value caused by rezoning will not justify a finding of confiscation.

6. PLEADING—COMPLAINT—CONCLUSIONS—FACTS—CONFISCATION OF PROPERTY—ZONING—INVERSE CONDEMNATION—GOVERNMENTAL IMMUNITY.

Conclusions are ignored and the facts alleged are examined in evaluating a complaint; therefore, where plaintiffs' complaint alleges conclusions of confiscation of property because of a rezoning of their property by a township and the facts alleged show that a substantial depreciation in value has occurred, the loss suffered by plaintiffs is not due to inverse condemnation and summary judgment for the defendant township should have been granted because the complaint does not allege facts in avoidance of the defense of governmental immunity.

7. MUNICIPAL CORPORATIONS—GOVERNMENTAL IMMUNITY—NEGLIGENCE—MINISTERIAL ACTS—DISCRETIONARY ACTS.

Governmental officials may be held liable under state law for negligent performance of ministerial duties but are immune for injuries caused by discretionary acts within the scope of their authority, even if done maliciously; actions of a legislative, executive or judicial character are discretionary acts.

8. TOWNS—TOWNSHIP BOARD—DISCRETIONARY ACTS—GOVERNMENTAL IMMUNITY—PLEADING—FACTS AVOIDING IMMUNITY.

The decisions of a township board, planning commission and zoning board of appeals involve discretion, weighing the rights of the individual against the public interest; however, the range

of discretion of a building inspector in deciding whether applicants are entitled to a building permit is narrow and the act is ministerial; therefore, where plaintiffs' complaint alleges that a building inspector intentionally denied building permits to which they were entitled, they have pled facts in avoidance of immunity as to this official.

· 9. MUNICIPAL CORPORATIONS—GOVERNMENTAL IMMUNITY—DISCRETIONARY ACTS—FEDERAL STATUTES—QUALIFIED IMMUNITY.

Absolute immunity for government officials from suit under Federal statute has been accorded only to those officials exercising the very widest discretion and with the greatest need to be free of the possible influence of litigation; executive officials enjoy only a qualified immunity, dependant upon the scope of discretion, responsibilities of the office and circumstances as they reasonably appeared at the time of the action; reasonable grounds for action and good faith belief in the propriety of the action are the basis for immunity (42 USC 1983).

10. TORTS—GOVERNMENTAL IMMUNITY—TORT LIABILITY—GOOD FAITH.

Lower government officials are immune from tort liability for their official actions only if they acted in good faith without malice.

Appeal from Kalamazoo, Robert L. Borsos, J. Submitted February 7, 1978, at Grand Rapids. (Docket Nos. 31282, 31283) Decided March 20, 1978.

Complaint by James Armstrong ánd Kathleen Armstrong against Ross Township and others for injunctive relief ordering a rezoning of the plaintiffs' property and for damages and for mandamus. Complaint by Ross Township against James Armstrong and Kathleen Armstrong for injunctive relief to restrain the Armstrongs from building a restaurant on certain premises. The cases were consolidated. Certain of Ross Township's motions for summary judgment were denied. Ross Township and Ross Township officials appeal by leave granted. Affirmed in part, reversed in part, and remanded.

*Allen, Worth & Hatch,* for plaintiffs.

*Bauckham, Reed, Lang, Schaefer & Travis; Early, Starbuck & Lennon;* and *Ryan, Jamieson & Hubbell,* for Ross Township and its officials.

Before: J. H. GILLIS, P. J., and R. B. BURNS and ALLEN, JJ.

R. B. BURNS, J. In these consolidated cases plaintiffs Armstrong (hereinafter plaintiffs) seek damages and other relief against defendants Ross Township, the township building inspector, and members of the township board, planning commission, and zoning board of appeals, alleging abuse of zoning power and violation of civil rights. Defendants' motions for summary judgment as to liability for damages were denied, except for Ross Township's alleged liability under 42 USC 1983. We granted defendants' applications for leave to appeal, and affirm in part and reverse in part.

In case 31282 plaintiffs allege defendants conspired to harass them and destroy their business. They own a machine shop in Ross Township and applied to the building inspector for a building permit so that they could expand. They further allege that despite their entitlement to the permit it was wrongfully and in bad faith refused. Plaintiffs allege that they applied for a special use exception to the zoning board of appeals, which was biased and predisposed not to grant the exception, and denied the application for reasons not supported by the record, despite having given similar exceptions to other nearby machine shops. Plaintiffs allege that the planning commission met in secret session without notice to plaintiffs and recommended rezoning their property so as to block expansion of the shop and that the township

board followed the allegedly unlawful recommendation and rezoned the property. The rezoning is alleged to be arbitrary, capricious, discriminatory, confiscatory, and unrelated to the health, safety, welfare or morals of the community.

In case 31283 plaintiffs Armstrong allege that they asked the building inspector whether a restaurant would be a permitted use on their land, and were advised that it would be. They allege that in reliance upon that representation they filled the property, constructed a fence, and submitted plans in application for a building permit at a cost of over $17,000. They further allege that notwithstanding plaintiffs' right to a permit, the building inspector stalled the permit while conspiring with the planning commission and township board to rezone the property so as to exclude the intended use and that the planning commission initiated rezoning without a formal petition, and the township board rezoned the property without complying with statutory procedural requirements. The rezoning is alleged to be arbitrary, capricious, discriminatory, and unrelated to the health, safety, welfare or morals of the community. As commercial property, its highest use, plaintiffs allege that the land is worth $50,000; as rezoned, only $10,000.

Defendants moved for summary judgment under GCR 1963, 117.2(3). The motion was based on the deposition of Mr. Armstrong, but no affidavits were submitted by defendants. This lack of affidavits is fatal to the motion even absent objection by plaintiffs at the trial court level. GCR 1963, 117.3, *Creech v Consumers Power Co,* 59 Mich App 167, 170; 229 NW2d 358, 360 (1975). Consequently we do not reach the merits of the motions on appeal.

Defendants also moved for summary judgment

for failure of plaintiffs to state a claim upon which relief can be granted. GCR 1963, 117.2(1). On review of such a motion we "accept as true all of plaintiff [s'] factual allegations as well as any conclusions which can reasonably be drawn therefrom", *Van Liere v State Highway Department,* 59 Mich App 133, 137; 229 NW2d 369, 371 (1975), and determine "whether plaintiff [s'] claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery", *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426, 431; 202 NW2d 577, 580 (1972). Where immunity from suit is an issue the complaint must plead facts in avoidance of immunity. *Dionne v City of Trenton,* 79 Mich App 239, 242; 261 NW2d 273, 275 (1977).

We turn initially to the alleged liability of Ross Township for damages for alleged abuse of zoning power by its officials. As a governmental agency engaged in the discharge of governmental functions the township is immune from tort liability by statute. MCLA 691.1407; MSA 3.996(107). Although the sovereign immunity act provides several exceptions to the immunity doctrine, none apply here.

In *Buckeye Union Fire Insurance Co v Michigan,* 383 Mich 630, 640–644; 178 NW2d 476, 482-483 (1970), the Supreme Court held that the Legislature's power to grant governmental agencies sovereign immunity is limited by the constitutional provision prohibiting the taking of private property for public use without compensation. Const 1963, art 10, § 2. In *Tamulion v State Waterways Commission,* 50 Mich App 60, 66–67; 212 NW2d 828, 831 (1973), this Court recognized that a compensatory obligation arises under the constitu-

tion, not in tort, for inverse condemnation, and that sovereign immunity does not insulate the state from liability thereon.

A township may not so restrictively zone property as to confiscate it. Property is not confiscated unless the ordinance "would preclude its use for any purpose to which it is reasonably adapted". *Kirk v Tyrone Twp,* 398 Mich 429, 444; 247 NW2d 848, 854–855 (1976), *Kropf v Sterling Heights,* 391 Mich 139, 163; 215 NW2d 179, 189 (1974). Mere disparity in value between uses, *Brae Burn, Inc v Bloomfield Hills,* 350 Mich 425, 433; 86 NW2d 166, 170 (1957), *Reibel v Birmingham,* 23 Mich App 732, 738; 179 NW2d 243, 246 (1970), or depreciation in value caused by rezoning, *Lamb v City of Monroe,* 358 Mich 136, 144; 99 NW2d 566, 570 (1959), will not justify a finding of confiscation.

Each of the complaints alleges in conclusional terms confiscation, but in evaluating the complaint we ignore conclusions and look to the facts alleged. *Binder v Consumers Power Co,* 77 Mich App 343, 346–347; 258 NW2d 221, 224 (1977). In each case we find plaintiffs have pled depreciation in value, not confiscation. In case 31282 plaintiffs indicate that the property has a working machine shop. In case 31283 plaintiffs admit the property has value as rezoned, albeit a substantial depreciation has occurred. Plaintiffs' loss suffered in reliance upon the building inspector's representation sounds in tort, not inverse condemnation. Since neither complaint alleges facts in avoidance of immunity, Ross Township's motion for summary judgment should have been granted.

We next turn to the alleged liability of the township officials for damages, first under state law, then under 42 USC 1983.

Under state law government officials may be

held liable for negligent performance of ministerial duties, but are immune from suit for injuries caused by discretionary acts within the scope of their authority, even if done maliciously. *Sherbutte v Marine City,* 374 Mich 48, 54; 130 NW2d 920, 923 (1964), *Walkowski v Macomb County Sheriff,* 64 Mich App 460; 236 NW2d 516 (1975). The justification for immunity for discretionary acts is that the exercise of discretion should not be influenced by even the possibility of unsuccessful litigation against the official. *Sherbutte v Marine City, supra.*

Since almost any act involves some discretion, the distinction between ministerial and discretionary acts is one of degree. Prosser, Torts (4th ed), § 132, p 990. By discretionary is meant actions of a legislative, executive or judicial character. *Sherbutte v Marine City, supra,* see *Pawlowski v Jenks,* 115 Mich 275; 73 NW 238 (1897), *Amperse v Winslow,* 75 Mich 234; 42 NW 823 (1889), *Walkowski v Macomb County Sheriff, supra.* The decision of a drain commissioner to issue partial payments for drain construction, *People, for use of Lapeer County Bank v O'Connell,* 214 Mich 410; 183 NW 195 (1921), and a police officer to arrest, *Sherbutte v Marine City, supra,* are considered ministerial.

The decisions of the township board, planning commission, and zoning board of appeals involve discretion, weighing the rights of the individual against the public interest. If such officials were subjected to the worry of defending themselves against suit for damages by individuals against whose interest they decide, the exercise of discretion might well be influenced. These officials are immune from suit under state law. However, the range of discretion of a building inspector in deciding whether applicants are entitled to a building

permit is narrow, akin to that of a drain commissioner or police officer. The act is ministerial. Plaintiffs allege the building inspector in each case intentionally denied building permits to which they were entitled. Plaintiffs have pled facts in avoidance of immunity as to this official under state law.

Immunity from suit under 42 USC 1983 turns upon the existence of an analogous immunity provision at common law coupled with a weighing of the need for immunity as against the need to compensate plaintiffs for violation of civil rights. See, *e.g., Imbler v Pachtman,* 424 US 409; 96 S Ct 984; 47 L Ed 2d 128 (1976), *Wood v Strickland,* 420 US 308; 95 S Ct 992; 43 L Ed 2d 214 (1975), *Scheuer v Rhoades,* 416 US 232; 94 S Ct 1683; 40 L Ed 2d 90 (1974). Absolute immunity from suit has been accorded only to those officials exercising the very widest discretion and with the greatest need to be free of the possible influence of litigation. See *Imbler v Pachtman, supra* (prosecuting attorneys), *Pierson v Ray,* 386 US 547; 87 S Ct 1213; 18 L Ed 2d 288 (1967) (judges), *Tenney v Brandhove,* 341 US 367; 71 S Ct 783; 95 L Ed 1019 (1951) (state legislators). Executive officials enjoy only a qualified immunity, dependent upon the scope of discretion, responsibilities of the office, and circumstances as they reasonably appeared at the time of the action. Reasonable grounds for action and good faith belief in the propriety of the action are the basis for immunity. *Scheuer v Rhoades, supra.* In *Woods v Strickland, supra,* the Supreme Court found only a qualified immunity available to school board members in the exercise of legislative and judicial powers. State law generally accorded such officials immunity from tort liability for actions taken in good faith without malice. The

Supreme Court adapted this immunity doctrine to the Federal context and held that school board members were not immune if they knew or reasonably should have known that the action they took would violate constitutional rights, or if they took the action with malicious intention to cause a deprivation of constitutional rights. The same test was held applicable in a suit against a hospital superintendent who allegedly wrongfully refused to release a patient from a mental hospital. *O'Connor v Donaldson,* 422 US 563; 95 S Ct 2486; 45 L Ed 2d 396 (1975).

The majority rule as to tort liability of lower governmental officials is that they are immune from liability only if they act in good faith without malice. Prosser, Torts (4th ed), § 132, p 989. This is the same test of immunity applicable to school board members from which the Supreme Court fashioned an immunity doctrine for such officials under 42 USC 1983. *Woods v Strickland, supra.* The discretion exercised by a township board, planning commission, and zoning board of appeals is more closely akin to that of school board members than that of state legislators. Thus, we find those officials had only a qualified immunity from suit, the scope of which is that set forth by the Supreme Court in *Woods.*

In each complaint plaintiffs allege the above officials acted unlawfully, in bad faith and with malice to deprive them of unrestricted enjoyment of their property. Plaintiffs have pled facts in avoidance of immunity for violation of civil rights under 42 USC 1983.

The Michigan rule that officials are not immune from liability for ministerial acts is in accord with that of other states. Prosser, Torts (4th ed), § 132, pp 989–990. Consequently there is no immunity

under 42 USC 1983 for such acts. *Cf. Pierson v Ray, supra* (police officers). Therefore, the building inspector enjoys no immunity under 42 USC 1983.

We express no opinion on the merits of plaintiffs' claims and remand without prejudice to defendant's ability to bring a proper motion for summary judgment under GCR 1963, 117.2(3).

Reversed in part, affirmed in part, and remanded for proceedings consistent with this opinion.

No costs, neither side prevailing in full.