CENTRAL ADVERTISING COMPANY v CITY OF ST JOSEPH

Docket No. 49529. Submitted February 5, 1981, at Grand Rapids.— Decided June 19, 1981.

Central Advertising Company brought an action against the City of St. Joseph seeking an order directing the city to issue Central a permit to erect a billboard and for damages resulting from the city's previous refusal to issue the permit. Following trial, Berrien Circuit Court, Zoe S. Burkholz, J., held for defendant. Plaintiff appeals. *Held:*

The trial court erred in ruling that plaintiff was not entitled to damages. The ordinance adopted by defendant subsequent to plaintiff's permit application impermissibly excluded advertising signs within the city. In addition, the refusal was improper under the provisions of the ordinance in effect at the time plaintiff's application was made. The refusal was a ministerial act upon which liability may be predicated.

Reversed and remanded.

1. MUNICIPAL CORPORATIONS — SIGN ORDINANCES.

A municipal ordinance which imposes a distance setback limitation for the erection of billboards so as to effectively exclude advertising signs within the limits of the municipality is impermissible where neither the municipality's charter nor statute authorize the exclusion.

2. MUNICIPAL CORPORATIONS — CONSTRUCTION PERMITS — MINISTERIAL ACTS — TORTS.

A refusal by municipal officials to issue a permit for the construction of a billboard is a ministerial act and, where negligent, may result in liability for any damages caused by the refusal.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 3 Am Jur 2d, Advertising §§ 13, 14.
   82 Am Jur 2d, Zoning and Planning § 125.
   Validity and construction of state or local regulation prohibiting the erection or maintenance of advertising structure within a specified distance of street or highway. 81 ALR3d 564.
[2] 82 Am Jur 2d, Zoning and Planning § 329.

*Reid, Reid, Mackay, Emery & DeVine, P.C.* (by *Michael H. Perry),* for plaintiff.

*A. G. Preston, Jr.,* for defendant.

Before: D. F. WALSH, P.J., and R. B. BURNS and D. E. HOLBROOK, JR., JJ.

PER CURIAM. In September or October of 1974, plaintiff filed an application with defendant City of St. Joseph to construct a billboard at 1127 Main Street. The application was denied. Plaintiff appealed to the city's board of appeals which tabled the matter in January of 1975. Plaintiff apparently had wanted to erect three additional billboards at 1021 Main, 342 Main, and 1719 Lake Shore; however, no applications for construction at these sites were filed.

On February 3, 1975, defendant adopted the sign ordinance in question, § 81.05(a) of the Code of Ordinances of the City of St. Joseph, which reads in part:

"No person shall erect any billboard, advertising sign or structure having an area of more than 100 square feet in the City of St. Joseph without first obtaining a permit to do so from the Building Inspector or other authorized agent and no such billboard, advertising sign or structure which is not attached to or a part of a building shall be erected within 100 feet of any public street or highway. No such billboard, advertising sign or structure shall be attached to any building or structure unless it advertises a firm, building or activity located in the same building."

Plaintiff commenced the instant action in circuit court, seeking an order directing the city to issue a permit for the erection of the billboard at 1127

Main Street. After a trial on the merits, the court ruled against plaintiff.

On appeal, plaintiff has raised six separate issues; however, when all of the camouflage is stripped away, the real question is whether or not the city's sign ordinance, which requires a 100-foot setback for advertising signs, is reasonable. The trial court found that the setback was reasonable.

We disagree. The practical effect of the 100-foot setback requirement for advertising signs is to exclude advertising signs in the City of St. Joseph. *Central Advertising Co v City of Ann Arbor,* 391 Mich 533; 218 NW2d 27 (1974), held that such actions were not permissible.

As to the question of damages, we find that the refusal to issue the permit for the 1127 Main Street location was improper under the ordinance in effect at that time. Refusal to issue a permit is a ministerial act upon which liability can be predicated. *Armstrong v Ross Twp,* 82 Mich App 77; 266 NW2d 674 (1978). It was error for the trial court to rule that plaintiff was not entitled to damages for the denial of the permit at the 1127 Main Street location. At the time plaintiff applied, there was no setback requirement nor did the zoning ordinance exclude it.

Reversed and remanded for proceedings consistent with this opinion.