## MOORE v CITY OF PONTIAC

Docket No. 76291. Submitted April 16, 1985, at Detroit.—Decided June 18, 1985.

Leroy and Caretta Moore lived in their house from 1963 to 1980. In 1966 the City of Pontiac rezoned the property across the street from the Moores and began using the property as a sanitary landfill. In 1977 a concrete crushing operation was begun on a corner of the landfill. In 1979 the city leased part of the landfill to Charles Palaian, doing business as T.I.R.E., for use as a tire shredding operation. The Moores sold their house in 1980 and brought an action in the Oakland Circuit Court against the city alleging that the machine that shredded the tires made a loud shrill-like scream every five seconds while being utilized, the stored tires gave off noxious odors and the shredder produced soot, particles and fibers which entered plaintiffs' home. Furthermore, plaintiffs asserted that their health suffered and that the health problems dissipated after they moved. The city filed a third-party claim against Palaian. The court, Fred M. Mester, J., denied the city's motion for summary judgment and granted a judgment for plaintiffs. The city appealed. *Held:*

1. Nuisances per se or intentionally created or continued nuisances in fact will defeat a claim of governmental immunity. Plaintiffs properly alleged an intentional nuisance.

2. The statute of limitations for a nuisance does not begin to run from the date of the first act where there are wrongful acts

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 293 *et seq.*

Modern status of rule excusing governmental unit from tort liability on theory that only general, not particular duty was owed under circumstances. 38 ALR4th 1194.

[2] 58 Am Jur 2d, Nuisances § 129 *et seq.*

When statute of limitations begins to run as to cause of action for nuisance based on air pollution. 19 ALR4th 456.

[3] 27 Am Jur 2d, Equity § 152 *et seq.*

[4] 49 Am Jur 2d, Landlord and Tenant § 761 *et seq.*

Tenant's obligation under lease as basis of tort liability to third persons. 44 ALR3d 943.

of a continuing nature. The acts alleged were continuing in nature and increasingly damaging.

3. Plaintiff's claim is not barred by laches. The successful assertion of a defense of laches requires a showing of passage of time combined with some prejudice to the party asserting the defense.

4. A landlord is liable for damage to neighboring proprietors occasioned by a tenant's use of the property where the landlord sanctioned the use. The trial court properly instructed the jury on this.

5. The trial court properly awarded attorney fees.

Affirmed.

1. GOVERNMENTAL IMMUNITY — NUISANCE — NUISANCE PER SE — INTENTIONAL NUISANCE.

Nuisances per se or intentionally created or continued nuisances in fact will defeat a claim of governmental immunity.

2. LIMITATION OF ACTIONS — NUISANCE — CONTINUING NUISANCE.

The statute of limitations for a nuisance does not begin to run from the date of the first act where there are wrongful acts of a continuing nature.

3. ACTIONS — DEFENSES — LACHES.

The successful assertion of a defense of laches requires a showing of passage of time combined with some prejudice to the party asserting the defense.

4. LANDLORD AND TENANT — TORTS — LIABILITY.

A landlord is liable for damage to neighboring proprietors occasioned by a tenant's use of the property where the landlord sanctioned the use.

*Thomas E. Hunter,* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and BEASLEY and C. W. SIMON, JR.,* JJ.

D. E. HOLBROOK, JR., P.J. Defendant City of Pontiac appeals as of right the award of damages and attorney fees entered in favor of plaintiffs. Plaintiffs are homeowners who resided in their home from 1963 to 1980. In 1966 defendant rezoned the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

land across the street from plaintiffs and began
using the land as a sanitary landfill. Plaintiffs
complained about noxious odors and constant noise
and having their yard littered with glass and
paper. In 1977 a concrete crushing operation was
established in the northeast corner of the landfill
and in 1979 a tire shredding operation[1] was added
to the landfill. According to plaintiffs, the tire
shredding was the "last straw". The machine that
shredded the tires made a loud shrill-like scream
every five seconds while being utilized. Apparently
the stored tires[2] gave off noxious odors and the
shredder produced soot, particles and fibers which
entered plaintiffs' home. Furthermore, plaintiffs
assert that their health suffered[3] and that the
health problems dissipated after they moved when
they sold their home at a loss in November of
1980. The jury awarded plaintiffs $12,500 in dam-
ages and approximately $3,000 for attorney fees.

On appeal defendant asserts that it was entitled
to a grant of summary judgment based on govern-
mental immunity and/or accelerated judgment
based on the doctrine of laches or the statute of
limitations. Defendant also argues that the award
of attorney fees was improper.

Defendant contends that the operation of a land-
fill is a governmental function and governmental

[1] The operator of the tire-shredding was Charles Palaian, doing
business as T.I.R.E., and was added as a third-party defendant. Mr.
Palaian was a lessee of defendant. A judgment by default was entered
against Mr. Palaian in favor of defendant, and such judgment is not
being appealed.

[2] Although the lease only allowed for 4,000 tires to be stored on the
premises, Mr. Palaian estimated that there were 75,000 to 100,000
tires on the property. The sanitation supervision estimated that
500,000 tires were present and plaintiffs contended that there were
2,000,000.

[3] Plaintiffs testified as to the aggravation of Mr. Moore's emphy-
sema and sinus problems and that Mrs. Moore and their daughter
developed sinus problems. Apparently their expectorant was full of
tire fibers.

immunity bars this action. Although defendant raised governmental immunity as an affirmative defense, defendant never did assert this as a ground for summary disposition of this case.

The nuisance exception to governmental immunity is still unclear although the Supreme Court did indicate that a properly pled nuisance action would avoid the doctrine of immunity in *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567, 657; 363 NW2d 641 (1985). Accordingly, as the Supreme Court is still split[4] on the issue as to what sort of nuisance allegations would avoid governmental immunity, we adopt the exception for intentional nuisances and nuisances per se. *Jenkins v Detroit,* 138 Mich App 800, 805; 360 NW2d 304 (1984), and *Pate v Dep't of Transportation,* 127 Mich App 130, 135; 339 NW2d 3 (1983). Our review of the record reveals that plaintiffs did properly allege an intentional nuisance. Even if we were to assume *arguendo* that it was not properly pled, had defendant contested the pleadings in the lower court, plaintiffs might have amended their complaint to plead a claim that could not be confused with negligence. We will not now allow defendant to prevail on an eleventh-hour challenge after a full trial on the merits.

Defendant alleges that the trial court erred in its denial of its motions for accelerated judgment. Defendant argues that plaintiffs' cause of action accrued in the 1960's when defendant began the landfill operation, and thus, their claim was barred by the statute of limitations and the doctrine of laches. As this Court said in *Hodgeson v Genesee County Drain Comm'r,* 52 Mich App 411, 413; 217 NW2d 395 (1974), *lv den* 391 Mich 843 (1974):

---

[4] See *Rosario v City of Lansing,* 403 Mich 124; 268 NW2d 230 (1978), and *Gerzeski v Dep't of State Highways,* 403 Mich 149; 268 NW2d 525 (1978).

"The law is clear that where there are wrongful acts of a continuing nature, the statute of limitations does not begin to run from the date of the first act."

The continuing nature of a nuisance is recognized in Michigan. See *Grunch v United States,* 538 F Supp 534, 537 (ED Mich, 1982). Therefore, this action is not barred by the statute of limitations[5] as the wrong suffered by plaintiffs was of a continuing nature.

Defendant's allegation that the doctrine of laches barred this claim is without merit. Testimony revealed that the operation of the landfill became more and more of a nuisance with the passage of time. Nor has defendant been prejudiced. Plaintiffs do not request abatement of the nuisance, rather they merely desire monetary relief. Defendant's investment in the landfill will not be harmed by affording plaintiffs relief. See *Rofe v Robinson (On Second Remand),* 126 Mich App 151, 154; 336 NW2d 778 (1983), and *In re Crawford Estate,* 115 Mich App 19, 25-26; 320 NW2d 276 (1982). Additionally we find no support for defendant's argument that evidence may only be admitted regarding damages up to three years prior to filing the complaint.

Defendant next contends that the jury instructions regarding its liability for the acts of the tire-shredder lessee were in error. We do not agree. The law on liability of a landlord for his tenant's actions is stated in *Herrst v Regents of the University of Michigan,* 231 Mich 396, 398; 204 NW 119 (1925):

"A landlord is not liable for the use of premises by a tenant in such a way as to occasion damage to a

---

[5] The applicable statute of limitations is MCL 600.5805(8); MSA 27A.5805(8).

neighboring proprietor, merely because there was a possibility of their being so used. The wrong in such a case is that of the tenant and the liability therefore will stop with the tenant. * * * Any abuse of rights of neighboring proprietors in the use of the barn by the tenant was not chargeable to the landlord unless such abuse was sanctioned by the landlord; and such sanction could not rest upon implied notice and acquiescence."

Evidence was presented at trial to indicate that defendant was fully aware of the problems its lessee was causing plaintiffs and that defendant remained in the lease agreement to further its own interest. The jury instructions adequately stated the law and we find no error. Defendant's liability was contingent upon its knowledge of the use.

Defendant lastly contends that the award of attorney fees pursuant to GCR 1963, 316.7[6] was improper. We do not find the addition of the third-party defendant to affect this award. Defendant's argument that plaintiffs' rejection of the mediation award would have necessitated a full trial in any event is without merit. *Issa v Garlinghouse,* 133 Mich App 579; 349 NW2d 527 (1984).

Affirmed. No costs, a public question being involved.

---

[6] GCR 1963, 316.7(b)(3) provides:

"If both parties reject the panel's evaluation and the amount of the verdict, when interest on the amount and assessable costs from the date of filing of the complaint to the date of the mediation evaluation are added, is no more than 10 percent greater or less than the panel's evaluation, each party is responsible for his own costs from the mediation date. If the verdict is in an amount which, when interest on the amount and assessable costs from the date of filing of the complaint to the date of the mediation evaluation are added, is more than 10 percent greater than the panel's evaluation, the defendant must pay actual costs. If the verdict is in an amount which, when interest and assessable costs from the date of filing of the complaint to the date of the mediation evaluation are added, is more than 10 percent below the panel's evaluation, the plaintiff must pay actual costs."