VELMER v BARAGA AREA SCHOOLS

Docket No. 87901. Submitted October 1, 1986, at Marquette. Decided February 2, 1987. Leave to appeal applied for.

Michael Velmer, a high school student, was injured while using a milling machine during a high school shop class. The milling machine did not have a safety guard for the cutting mechanism, and Velmer's hand became caught in the mechanism. Velmer filed suit against Baraga Area Schools and others in Baraga Circuit Court alleging that the school system was negligent in failing to warn students about the dangers of operating the machine, in failing to properly supervise plaintiff, in failing to ascertain whether the machine was safe, and in allowing the unreasonably dangerous machine to operate without the safety guard. Plaintiff also alleged that governmental immunity did not bar his action. The trial court, Stephen D. Condon, J., granted summary disposition in favor of Baraga Area Schools as to all plaintiff's claims against it. Plaintiff appealed.

The Court of Appeals held:

Affirmed.

ALLEN, P.J., would hold:

1. The trial court did not err in holding that the defective building exception to governmental immunity is not applicable to this case because the milling machine was not permanently attached to the building.

2. There is no factual basis to support plaintiff's claim of an intentionally created nuisance by Baraga Area Schools. Even if there were a factual basis to support the intentional nuisance claim, Baraga Area Schools is entitled to judgment as a matter

REFERENCES

Am Jur 2d, Fixtures §§ 1 et seq.

Am Jur 2d, Municipal, School, and State Tort Liability §§ 80 et seq.; 150-155

Am Jur 2d, Nuisances §§ 32 et seq.

Modern status of doctrine of sovereign immunity as applied to public schools and institutions of higher learning. 33 ALR3d 703.

See also the annotations in the Index to Annotations under Fixtures; Nuisances.

of law because the failure to place a safety guard on the machine was an act of omission rather than commission. If an act of omission can constitute an intentionally created nuisance, the omission must rise to the level of being a deliberate act to create the complained-of condition. The omission in this case does not rise to that level. The trial court did not err in granting summary disposition in favor of defendant on the issue of an intentionally created nuisance.

CYNAR, J., agreed that the factual basis presented does not support plaintiff's claim of intentionally created nuisance but dissented as to the issue of the defective building exception to governmental immunity. He would hold that the weight of the milling machine in this case affixed the machine to the floor of the building securely enough that it could be considered part of the building for purposes of the defective building exception. He would hold that the trial court erred in granting summary disposition in favor of defendant on this issue.

R. C. Livo, J., concurred with the result reached by Judge ALLEN but disagrees with Judge ALLEN's reliance on the case of *Furness v Public Service Comm*, 100 Mich App 365; 299 NW2d 35 (1980), to the extent that it holds that conduct amounting to a refusal to act to cure a known danger is conduct protected by governmental immunity. He would hold that a refusal to use reasonably available means to avoid a known danger is a commissive act originating in the intent not to act. He concurs in the result reached by Judge ALLEN because Baraga Area Schools neither knew nor should have known that harm would follow operation of the milling machine without the safety guard. Thus, Judge Livo would hold that the conduct of Baraga Area Schools was omissive only and is protected by governmental immunity.

OPINION BY ALLEN, P.J.

1. GOVERNMENTAL IMMUNITY — SCHOOLS — PUBLIC SCHOOLS — FIXTURES — DEFECTIVE PUBLIC BUILDING.

   A milling machine which is not bolted to the floor or otherwise permanently affixed to the school building in which it is used is not a permanently attached fixture defects in which would amount to defects in a public building for purposes of the defective public building exception to governmental immunity (MCL 691.1406; MSA 3.996[106]).

2. FIXTURES — CLASSROOM EQUIPMENT.

   One of the tests by which an article is deemed to be a "fixture," i.e., something affixed to realty so as to become a part of it, is

the owner's intention to make the article a permanent acces-
sion to the realty; classroom equipment used for instructional
purposes is not intended to become part of the realty.

3. NUISANCE — INTENTIONAL NUISANCE.

An intentionally created nuisance requires proof that the person
creating or continuing the nuisance knew or must have known
that harm to the plaintiff was *substantially certain* to follow; it
is not enough that the person creating the nuisance knows that
harm might result.

4. NUISANCE — INTENTIONAL NUISANCE — ACTS OF OMISSION.

Decisions of the Court of Appeals conflict as to whether an act of
omission can constitute an intentionally created nuisance; if an
act of omission can constitute an intentionally created nui-
sance, it can do so only if it rises to the level of being a
deliberate act to create the complained-of condition.

PARTIAL CONCURRENCE BY CYNAR, J.

5. GOVERNMENTAL IMMUNITY — PUBLIC BUILDINGS — FIXTURES —
WEIGHT OF ARTICLE.

*The weight of a machine alone may suffice to affix the machine to
the floor of a building sufficiently to consider the machine a
fixture of the building for purposes of the defective public
building exception to governmental immunity (MCL 691.1406;
MSA 3.996[106]).*

PARTIAL CONCURRENCE BY R. C. LIVO, J.

6. GOVERNMENTAL IMMUNITY — FAILURE TO AVOID KNOWN DANGERS
— COMMISSIVE ACTS.

*A refusal to use reasonably available means to avoid a known
danger is a commissive act originating in the intent not to act
and, therefore, is not conduct protected by governmental immu-
nity.*

*Wisti & Jaaskelainen, P.C.* (by *Douglas S. Ed-
wards* and *Roger W. Zappa*), for plaintiff.

*Kendricks, Bordeau, Adamini, Keefe, Smith &
Girard, P.C.* (by *Ronald D. Keefe*), for defendant.

Before: ALLEN, P.J. and CYNAR and R. C. LIVO, *
JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ALLEN, P.J. Plaintiff appeals as of right[1] from orders of the Baraga Circuit Court dated August 1, 1985, and September 13, 1985, granting summary disposition against plaintiff as to his claims against Baraga Area Schools on the basis of governmental immunity.

Plaintiff's complaint, filed August 20, 1984, and amended January 3, 1985, alleged that on October 6, 1982, when he was sixteen years of age, plaintiff was learning how to use a milling machine during high school shop class at defendant Baraga Area Schools, that, after receiving instruction, plaintiff began machining a piece of steel needed for a shop project, and that as he did so his gloved hand became caught in the unguarded rotary cutting mechanism on the machine causing his right index finger to be severed and his right thumb to be nearly severed.

In Count I plaintiff alleged that the injury was caused because the machine did not have a "point of operation" (cutting head) guard in violation of "ANSI, OSHA, MIOSHA and the National Safety Council." The complaint further alleged that defendant was negligent in failing to warn the students about the dangers of operating the machine, in failing to properly supervise plaintiff, in failing to ascertain whether the machine was safe, and in allowing the unreasonably dangerous machine to operate without the point-of-operation guard.

In Count I plaintiff further averred that his claim against Baraga Area Schools was not barred by governmental immunity, due to the "existence of the problems" with regard to lack of a guard at the cutting edge of the machine and the machine's location in the classroom, and that the defective building exception to governmental immunity was

[1] Pursuant to the trial court's express determination per MCR 2.604(B).

applicable. Further, it was averred that governmental immunity was also not a bar because, by allowing the machine to be operated without the point-of-operation guard, defendant's conduct constituted an "intentionally maintained nuisance."

Count I further alleged that the milling machine had been sold or distributed by Cincinnati, Incorporated and subsequently had been provided to Baraga Area Schools without a point guard by General Motors Corporation. Count I alleged that Cincinnati, Incorporated was liable to plaintiff under products liability law for breach of implied warranty, express warranty and negligence and that General Motors Corporation was liable on grounds of negligence. Count II of the complaint simply alleged that Cincinnati Milacron Marketing Company, manufacturer of the machine circa 1953, was the predecessor in interest of defendant Cincinnati, Incorporated and was liable to plaintiff for the reasons stated in Count I.[2]

On June 17, 1985, Baraga Area Schools filed a motion for summary disposition pursuant to MCR 2.116(C)(8), formerly GCR 1963, 117.2, arguing that, as to all claims against it, plaintiff had failed to state a claim upon which relief could be granted, since plaintiff failed to plead in avoidance of governmental immunity. On August 1, 1985, following a hearing conducted on July 5, 1985, the circuit court ordered that plaintiff's "defective public building" claim was barred by governmental immunity; the court believed that the exception to governmental immunity was not applicable since the milling machine was not permanently attached to the building. However, defendant's mo-

---

[2] A mutually satisfactory settlement agreement has been reached on all claims by plaintiff against General Motors Corporation, Cincinnati Incorporated and Cincinnati Milicron Marketing Company. Accordingly, Baraga Area Schools is the only defendant remaining in the instant appeal.

tion as to plaintiff's claim of "intentional nuisance" was denied.

On August 26, 1985, Baraga Area Schools moved for summary disposition pursuant to MCR 2.116(C)(8) and (10), formerly GCR 1963, 117.2(1) and (3), this time on grounds that plaintiff had failed to state a claim of "intentional nuisance" and that there was no genuine issue as to any material fact and defendant was entitled to judgment as a matter of law. Following a hearing on the motion held September 4, 1985, the trial court stated from the bench:

> *The Court:* Under the first portion of the motion which is Michigan Court Rule 2.116(C)(8), that the complaint fails to state a claim upon which relief may be granted, the Court is going to rule that the complaint does state a claim upon which relief may be granted. A motion of this type is tested solely by the pleadings and all well pleaded allegations in the complaint are accepted as true, together with all conclusions and inferences that can be reasonable drawn therefrom.
>
> With reference to the second portion of the motion, pursuant to Michigan Court Rule 2.116(C)(10), as to the genuine issue of fact, the Court finds as follows: That based upon the affidavits, together with the pleadings, depositions, the admissions and the documentary evidence, the Court finds that there are no genuine issues of fact for determination, and accordingly the motion for summary judgment will be granted on that ground.

On September 13, 1985, an order for summary judgment dismissing plaintiff's complaint against Baraga Area Schools was entered. From the two orders so entered plaintiff appeals as of right.

I

### DEFECTIVE BUILDING EXCEPTION

At the hearing held July 5, 1985, on defendant's motion for summary disposition, counsel for defendant argued that the public building exception appearing in MCL 691.1406; MSA 3.996(106) was not applicable since plaintiff had not alleged a dangerous or defective condition of the building itself and, because it was not permanently attached to the building but could be moved out, the milling machine could not be considered part of the building. In response, counsel for plaintiff argued that, due to its some two thousand-pound weight, the machine was not easily movable and should be considered part of the building. The trial court, apparently agreeing with defendant's attorney, held that the defective building exception was not applicable.

A motion for summary disposition for failing to state a claim, MCR 2.116(C)(8), is tested by the pleadings alone, i.e., only the legal basis of the complaint is examined. The factual allegations of the complaint are taken as true, along with any inferences or conclusions which could fairly be drawn from the facts alleged, and unless the claim is so unenforceable as a matter of law that no factual development could possibly justify a right to recovery, the motion should be denied. *Armstrong v Ross Twp,* 82 Mich App 77, 82; 266 NW2d 674 (1978); *Martin v Michigan,* 129 Mich App 100, 104-105; 341 NW2d 239 (1983), lv den 422 Mich 891 (1985).

Unless this panel is disposed to stretch this Court's holding in *Green v Dep't of Corrections,* 30 Mich App 648; 186 NW2d 792 (1971), aff'd 386 Mich 459; 192 NW2d 491 (1971), far beyond what was stated therein, we believe the trial court did

not err in granting defendant's motion. In *Green,* the plaintiff, while a prisoner, was assigned to work on a planing machine in the prison shop. While using the machine, the plaintiff's right middle finger was severed. The plaintiff maintained that the planing machine was defective in that it was without the proper protective shield or safety switch. This Court, holding that the public building exception was applicable, noted that the planing machine in question was anchored securely to the floor of the prison shop. The Court stated:

> The planing machine in question *was anchored securely to the floor* in the prison shop. Our courts have held that permanently attached fixtures in public buildings become part of those buildings. *Williams v City of Detroit* (1961), 364 Mich 231 [111 NW2d 1]; *DeNoyer v City of Ann Arbor* (1967), 9 Mich App 26 [155 NW2d 689]. Accepting the factual findings of the trial court as true, we conclude, as did the lower court, that the safety defects in the planing machine amounted to defects in a public building. [30 Mich App 655.]

Deposition testimony and affidavits in the instant case disclosed that the milling machine was not bolted to the floor or otherwise permanently affixed to the building. Under MCR 2.116(C)(10), formerly GCR 117.2(3), the court may consider the affidavits, pleadings, depositions, and documentary evidence submitted. A motion under that ground tests the factual support for a plaintiff's claim. If there is no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law, the motion should be granted. *Linebaugh v Berdish,* 144 Mich App 750, 753-754; 376 NW2d 400 (1985). Based on the deposition and other evidence submitted that the machine was not "permanently attached" to the building, the

trial court, pursuant to *Green,* held that defendant was entitled to judgment as a matter of law since the machine was not permanently attached to the building.

Plaintiff argues that the trial court construed *Green* too narrowly since the machine in the instant case was so heavy that it in effect became a "fixture," and under Michigan law all fixtures are considered part of the realty. *Sequist v Fabiano,* 274 Mich 643, 645-646; 265 NW 488 (1936). We disagree on two grounds. First the fixtures in question in *Fabiano* were a heating plant, attached electric light fixtures on a store building, and an awning on the front of the building, all put in by the defendant when he purchased the store. The Court held the items so installed were intended to facilitate the use and occupation of the building, were complementary to the real property, and, therefore, became part of the freehold and part of the mortgage security. Clearly, the classroom machine in the instant case was not a structural part of the building like an awning or a furnace but, instead, was more in the nature of removable personal property such as desks and other shop equipment commonly used for classroom shop instruction.

In other cases involving items not permanently affixed to the building, this Court has deemed the public building exception inapposite. *Lee v Highland Park School Dist,* 118 Mich App 305; 324 NW2d 632 (1982); *Belmont v Forest Hills Public Schools,* 114 Mich App 692; 319 NW2d 386 (1982), lv den 422 Mich 890 (1985). See also *Vargo v Svitchan,* 100 Mich App 809; 301 NW2d 1 (1980); *Zawadzki v Taylor,* 70 Mich App 545; 246 NW2d 161 (1976). Cf. *Pichette v Manistique Public Schools,* 403 Mich 268; 269 NW2d 143 (1978). Further, one of the tests by which an article is

deemed to be a "fixture" is the owner's intention to make the article a permanent accession to the realty. *Michigan National Bank v City of Lansing,* 96 Mich App 551, 554; 293 NW2d 626 (1980). In our opinion classroom equipment used for instructional purposes is not intended to become part of the realty.

Accordingly, we hold that the trial court did not err in granting summary disposition on this issue to defendant.

## II

### INTENTIONAL NUISANCE EXCEPTION

As noted earlier, plaintiff's complaint purported to set forth a claim of an intentionally maintained nuisance. A judicially recognized exception to the defense of governmental immunity is the establishment of an intentional nuisance in fact. *Rosario v City of Lansing,* 403 Mich 124; 268 NW2d 230 (1978); *Gerzeski v Dep't of State Highways,* 403 Mich 149; 268 NW2d 525 (1978). The continuing validity of the exception is recognized in recent cases. See *Landry v Detroit,* 143 Mich App 16; 371 NW2d 466 (1985), lv gtd 424 Mich 876 (1986); *Moore v Pontiac,* 143 Mich App 610; 372 NW2d 627 (1985); *Veeneman v Michigan,* 143 Mich App 694; 373 NW2d 193 (1985), lv gtd 424 Mich 876 (1986); *Garcia v City of Jackson,* 152 Mich App 254; 393 NW2d 599 (1986).

In support of its motion for summary judgment on the claim of an intentionally created nuisance, Baraga Area Schools made two arguments: (1) that plaintiff's complaint failed to adequately state an intentionally created nuisance and (2) that discovery failed to uncover any factual support for such a claim. The trial court ruled that plaintiff had stated an intentional nuisance claim but that,

based on the affidavits, pleadings, depositions, admissions and documentary evidence submitted, there was no genuine issue as to any material fact and, pursuant to MCR 2.116(C)(10), defendant was entitled to summary disposition. We agree with the trial court.

Plaintiff's complaint alleged that the milling machine was without a point-of-operation guard, that the absence of such guard made the machine inherently dangerous to operate, and that defendant continued to allow the machine to be operated without the guard. However, testimony at the hearing on the motion disclosed that the machine was manufactured circa 1953, that it came into possession of General Motors, which operated it for some twenty-five years, that it was given as a gift to Baraga Area Schools in 1978 or 1979, that as originally manufactured the machine was not equipped with a point-of-operation guard, that when donated by General Motors to Baraga Area Schools the machine was without a guard, and that Baraga Area Schools was unaware of the need for a guard on the machine.

While plaintiff's complaint alleged that Baraga Area Schools knew that the machine did not have a point-of-operation guard and allowed the machine to be operated without a guard,[3] nothing in plaintiff's complaint, deposition testimony or affidavits indicates that defendant Baraga Area Schools knew or should have known that harm was substantially certain to follow operation of the machine without a guard. Kenneth Hammerberg, superintendent of defendant school, stated that he

---

[3]

13. That the agents and employees of BARAGA AREA SCHOOLS knew that the milling machine did not have a point of operation guard and allowed the same to be continued to be operated, and the same constituted an intentionally maintained nuisance within the case law of the State of Michigan.

never knew a guard was available for the machine.

> *Q.* Had Mr. Kujansuu, or anyone else for that matter, ever discussed with you, prior to the time of this accident, the advisability of purchasing a guard for the cutting wheel of this machine?
> *A.* Not that I recall. I believe, to our knowledge, we didn't think there was one available.
> *Q.* Okay, and, to your knowledge, were any guards ever removed from the machine, as—after it re—was received from General Motors?
> *A.* No.

An intentionally created nuisance requires proof that the person creating or continuing the nuisance knew or must have known that harm to the plaintiff was *substantially certain* to follow. *Pate v Dep't of Transportation,* 127 Mich App 130, 135-136; 339 NW2d 3 (1983); *Rosario, supra,* 143, n 2. It is not even enough that the person creating the nuisance knows that harm "might result"; he must know that harm is "substantially certain to follow." *Zyskowski v Habelmann,* 150 Mich App 230, 240-241; 388 NW2d 315 (1986).

Given the undisputed facts that defendant did not know that a point-of-operation guard was available, that the machine came to defendant without a guard, that, between the date the machine was received by defendant in 1978 or 1979 and plaintiff's injury, no accident had occurred and that nothing in the deposition testimony indicates defendant had any knowledge the machine presented a peril to others, we find no factual basis to support plaintiff's claim of an intentionally created nuisance.

However, even if we are wrong in our conclusion that no genuine issue of material fact exists, defendant is still entitled to judgment as a matter of

law since the act complained of (failure to place a point-of-operation guard on the machine) was an act of omission rather than commission. On this issue a conflict, certified to the Michigan Supreme Court, exists in this Court as to whether an omission to act can constitute the basis for an intentionally created nuisance. In *Furness v Public Service Comm,* 100 Mich App 365, 370; 299 NW2d 35 (1980), this Court held:

> The gravamen of these allegations is that defendants were negligent in failing to correct a known danger (nuisance). This alleged conduct is omissive rather than commissive and would therefore fall within the category of a negligent nuisance. As such it remains protected from suit by governmental immunity.

In *Landry, supra,* 143 Mich App 25, on the other hand, this Court held:

> We cannot conclude that plaintiffs' claim for an intentionally created nuisance in fact is so unenforceable as a matter of law that no factual development could possibly justify recovery. Plaintiffs' allegation, that defendants refused to take necessary safety measures, pleads a deliberate act by the governmental agency to create the condition.

Recently, in *Garcia v Jackson, supra,* 152 Mich App 261, this Court agreed with *Landry* that under proper circumstances an omission to act can constitute an intentionally created nuisance. But in so concluding the Court quoted from Justice MOODY's opinion in *Rosario, supra,* 403 Mich 143, as follows:

> "The terms 'neglected' and 'failed' allege negligent activity. However, liberally construed, the [complaint] pleads more than negligence on the

part of the City of Lansing. The word 'refused'
denotes more than a 'want of care in maintenance'
or neglect. In this context, 'refused' describes an
alleged deliberate act by the governmental agency
to create the complained-of condition."

The situation in the instant case is vastly differ-
ent than in *Rosario.* There a nineteen-month-old
child fell into an open drain in the City of Lans-
ing. Plaintiff's complaint alleged that the city
knew of the open drain but neglected to put a top
on it or to provide barricades around the open
area. In *Rosario* the danger was obvious. Here, the
danger was latent, particularly when defendant
never was informed that a point-of-operation
guard was available. Thus, assuming arguendo
that an act of omission can constitute an inten-
tionally created nuisance, we find the omission in
the instant case insufficient to rise to the level of
being a "deliberate act to create the complained-of
condition." Not knowing that a point guard was
available or had ever been used, defendant's fail-
ure to provide one cannot fairly be deemed deliber-
ate.

Finally, we also note that a majority of this
panel agree with *Furness, supra,* that an act of
omission is insufficient to constitute an intention-
ally created nuisance. However, for the reasons set
forth above, our opinion does not rest on *Furness*
alone.

Accordingly, we conclude that the trial judge did
not err in granting summary disposition on the
issue of an intentionally created nuisance.

Affirmed.

CYNAR, J. *(concurring in part and dissenting in
part).* I agree concerning the intentional nuisance
exception that the factual basis presented does not

support plaintiff's claim of intentionally created nuisance.

However, I must respectfully dissent with the majority holding on the defective building exception issue. It can hardly be construed that reliance on *Green v Dep't of Corrections,* 30 Mich App 648; 186 NW2d 792 (1971), aff'd 386 Mich 459; 192 NW2d 491 (1971), in the case before us amounts to stretching a holding beyond its applicability. While the milling machine in *Green* was anchored securely to the floor, the weight of the machine in this matter affixed the machine to the floor, perhaps even more securely. I would hold the trial court erred in granting summary disposition on this issue.

R. C. LIVO, J. *(concurring in part and dissenting in part).* I concur in the result reached by the lead opinion. I write separately because I respectfully disagree with the lead opinion's reliance on *Furness v Public Service Comm,* 100 Mich App 365; 299 NW2d 35 (1980).

I disagree with *Furness* and the lead opinion to the extent they hold that conduct amounting to refusal to act to cure a known danger is conduct protected by governmental immunity.[1]

I agree instead with *Landry v Detroit,* 143 Mich App 16; 371 NW2d 466 (1985), where this Court held that a refusal to install necessary metal detectors stated a claim in avoidance of immunity. A refusal to use reasonably available means to avoid a known danger is a *commissive* act originating in the intent not to act.

I concur in the result reached by the lead opinion because, as noted in the lead opinion, under the facts of this case, Baraga Area Schools neither

[1] I note that the plaintiff in *Furness* did not allege knowing neglect to order installation of necessary railroad crossings. *Furness,* p 367.

knew nor should have known that without a point-of-operation guard harm would follow. Thus, the conduct of Baraga Area Schools was omissive only and is protected by governmental immunity.