SCHROEDER v CANTON TOWNSHIP

Docket No. 81796. Submitted July 1, 1985, at Detroit.—Decided
September 3, 1985.

Plaintiff, David Schroeder, was injured while riding his motorcy-
cle when he collided with a vehicle in his lane of traffic which
had been in an accident about half an hour previously. Plaintiff
brought an action for damages in the Wayne Circuit Court
against Canton Township and two of its officers who had been
at the scene of the accident when plaintiff was injured. Plaintiff
claimed the facts showed a nuisance in avoidance of the de-
fense of governmental immunity. The court, Richard C. Kauf-
man, J., granted summary judgment for defendants. Plaintiff
appealed. *Held:*

Allegations that police officers failed to police the scene of a
disabled vehicle do not constitute allegations of nuisance in
avoidance of the defense of governmental immunity.

Affirmed.

GOVERNMENTAL IMMUNITY — POLICE OFFICERS — HIGHWAYS — NUI-
SANCE.

Allegations that police officers failed to police the scene of a
disabled vehicle do not constitute allegations of nuisance in
avoidance of the defense of governmental immunity.

*Bain & Shapero, P.C.* (by *David M. Martin),* for
plaintiff.

*Cummings, McClorey, Davis & Acho, P.C.* (by
*Bernard P. McClorey* and *Susan D. Nelson),* for
defendants.

Before: BEASLEY, P.J., and J. H. GILLIS and M. J.
KELLY, JJ.

REFERENCES FOR POINTS IN HEADNOTE

Am Jur 2d, Municipal, School, and State Court Liability §§ 85 *et
seq.*

Modern status of rule excusing governmental unit from tort liabil-
ity on theory that only general, not particular, duty was owed
under circumstances. 38 ALR4th 1194.

Beasley, P.J. Plaintiff, David Schroeder, appeals as of right from the trial court's order granting summary judgment to defendants, Canton Township and Canton Township police officers J. Hanna and K. Lazar, on the basis that plaintiff's action was barred by governmental immunity.

Plaintiff alleged that on May 11, 1983, at approximately 12:01 a.m., he was the operator of a motorcycle proceeding east on Michigan Avenue in Wayne County. At approximately 11:30 p.m. on May 10, 1983, two motor vehicles had collided and one of those vehicles remained in the left lane of eastbound Michigan Avenue. At about 12:01 a.m. on May 11, 1983, plaintiff collided with the vehicle that was still in the left lane of eastbound Michigan Avenue and was severely injured. Plaintiff's complaint included counts of negligence and nuisance. However, at the hearing on defendants' motion for summary judgment, plaintiff abandoned the negligence claim[1] and agreed with defendants that immunity could only be avoided on a nuisance theory.

MCL 691.1407; MSA 3.996(107) provides:

"Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function. Except as otherwise provided herein, this act shall not be construed as modifying or restricting the immunity of the state from tort liability as it existed heretofore, which immunity is affirmed."

Prior to its decision in *Ross v Consumers Power Co,*[2] the Supreme Court held that a properly pleaded claim of nuisance could serve to avoid the

_____

[1] See *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567; 363 NW2d 641 (1984).

[2] 420 Mich 610-611, fn 27; *Christopher v Baynton,* 141 Mich App 309, 313; 367 NW2d 378 (1985).

immunity provisions of the statute.[3] This Court has concluded that there is an exception to the statute for intentional nuisances and nuisances per se.[4] That exception may survive despite the Supreme Court decision in *Ross.*

Too often, "nuisance" terminology is used to mask what are, in fact, simple negligence claims for the purpose of avoiding some effects of calling it what it is, a negligence claim. Too often this rationale is employed to avoid the legislative decision to impose governmental immunity. The within case gives every indication of being such a case. The alleged failure to act soon enough to put up marker lights or to remove motor vehicles from the highway after a night accident on the highway is a long, long way from traditional nuisance theories. See Justice FITZGERALD's manful effort to reconcile and resolve "nuisance law" in *Rosario v City of Lansing*[5] and Dean Prosser's statement:

" 'There is perhaps no more impenetrable jungle in the entire law than that which surrounds the word "nuisance." It has meant all things to all men, and has been applied indiscriminately to everything from an alarming advertisement to a cockroach baked in a pie. There is general agreement that it is incapable of any exact or comprehensive definition.' Prosser, Torts (4th ed), § 86, p 571."

In the within case, plaintiff's allegations of nuisance included the following:

"14. THAT, when the Defendant Police Officers, J.

---

[3] *Rosario v City of Lansing,* 403 Mich 124, 138; 268 NW2d 230 (1978); *Gerzeski v Dep't of State Highways,* 403 Mich 149, 153; 268 NW2d 525 (1978), *reh den* 403 Mich 956 (1978).

[4] *Moore v City of Pontiac,* 143 Mich App 610; 372 NW2d 627 (1985); *Jenkins v Detroit,* 138 Mich App 800, 805; 360 NW2d 304 (1984); *Pate v Dep't of Transportation,* 127 Mich App 130, 135; 339 NW2d 3 (1983).

[5] *Rosario, supra,* p 131.

HANNA AND K. LAZAR, reached the scene of the previous accident which had occurred at or about 11:35, May 10, 1983, they knew or should have known that the unattended and unmarked vehicle left in the left lane of eastbound Michigan Avenue constituted and *[sic]* obvious danger to traveling motorists and expecially *[sic]* this Plaintiff and harm was substantially certain to follow.

"15. THAT, the near miss collisions of other motorists traveling this highway should have caused the said Defendant Police Officers to act with reasonable speed in removing said vehicle or providing some warning to the general public traveling upon said highway.

"16. THAT, the obvious danger associated with said condition of leaving a motor vehicle unmarked and unattended on a public highway at night without warning are well known in fact to each Defendant and, further, that said Defendants failed to correct known and/or obvious danger even though each Defendant had either actual, visible or at least constructive notice of said danger due to the near misses with said vehicle by other motorists upon said highway.

"17. THAT, Defendants, and each of them, had actual and/or constructive notice of said known danger and/or further knew or should have known of said known danger which constituted a hazard and/or unreasonable interference with a right common to the general public.

"18. THAT, Defendants, and each of them, negligently or willfully failed and refused to abate said nuisance and/or correct said known hazard in one or more of the following particulars:

"(a) Failing to warn oncoming motorists of the abandoned vehicle;

"(b) Failing to remove said vehicle from the roadway;

"(c) Failing to maintain the highway in a reasonable safe condition.

"19. THAT, at all times and in all ways it was feasible to abate said nuisance and the particulars described herein, and that the Defendants, at all times and in all ways referred to and mentioned herein, had sufficient control to do so."

In *Young v Robin,*[6] the facts were as follows:

"Shortly before 7 a.m., two Michigan state troopers observed a vehicle speeding in the southbound lane of I-69. Since the state troopers were in the northbound lane, they attempted to cross the median strip in order to pursue the speeder. The police car, however, got stuck in the median. Shortly thereafter, a truck driver stopped and had a conversation with the state troopers about the best method of extracting the police car. The truck driver ended up parking his vehicle on the left shoulder of the southbound lane, where it extended from two to six feet into the traveled portion of the southbound lane. In other words, although the truck was partly on the road, it was not blocking the road.

"Although the police officers called their station to report that their car was stuck, they did not ask for a wrecker. They also did not set out flares by the truck. A number of vehicles passed them without difficulty. However, around 7 a.m., a vehicle containing four passengers and traveling approximately 61 miles an hour smashed into the back of the truck without braking." 122 Mich App 85-86.

We held:

"Moreover, we cannot agree with plaintiffs that the alleged failure of the state troopers to police the scene of the disabled vehicle amounts to a nuisance in avoidance of governmental immunity." 122 Mich App 87.

In the within case, relying on *Young,* the trial court held that plaintiff's allegations did not amount to a nuisance. The facts in this case cannot be distinguished from those in *Young.* In both cases, police officers allegedly failed to abate a nuisance not created by any affirmative act on their part. In neither case, however, did enough time pass to transform the road condition into an intentional nuisance. Essentially, plaintiff's claim

---

[6] 122 Mich App 84; 329 NW2d 430 (1982).

was for negligence and sounded in tort.[7] We agree with the trial court's conclusion that plaintiff did not plead a nuisance in avoidance of governmental immunity.

Affirmed.

---

[7] See, *e.g.*, *Veeneman v Michigan,* 143 Mich App 694; 373 NW2d 193 (1985); *Landry v Detroit,* 143 Mich App 16; 371 NW2d 466 (1985); *Sanford v Detroit,* 143 Mich App 194; 371 NW2d 904 (1985).