HARVEY v SECURITY SERVICES, INC

Docket No. 82347. Submitted November 14, 1985, at Detroit.—Decided January 7, 1986. Leave to appeal applied for.

Plaintiff, David L. Harvey, administrator of the estate of Herbert H. Harvey, deceased, brought a wrongful death action in the Wayne Circuit Court against defendant, Security Services, Inc. Several pretrial motions were heard and decided by Judges Thomas J. Foley and Richard D. Dunn. A jury found in favor of the plaintiff and returned a verdict in the amount of $939,000 for the plaintiff. The trial court, Dalton A. Roberson, J., thereafter denied defendant's motions for judgment notwithstanding the verdict, new trial or *remittitur.* The trial court then entered a judgment for $728,834.61. That judgment took into account a $300,000 settlement which the plaintiff had already received in an action filed against several other defendants which involved the same accident complained of in this action. The court thereafter entered an order amending the judgment to $639,000, plus interest thereon, to correct for an improper calculation of the statutory interest. Defendant appeals and plaintiff cross-appeals. *Held:*

1. Defendant failed to preserve for appellate review the issue regarding whether the trial court erred in permitting one of plaintiff's witnesses, George F. Bowden, to provide expert testimony with respect to the standard of care of the owner of the premises.

2. The trial court, Thomas J. Foley, J., did not abuse its discretion in denying defendant's motion to amend its answer. Plaintiff might have been prejudiced by defendant's untimely

REFERENCES

Am Jur 2d, Appeal and Error §§ 545 *et seq.*

Am Jur 2d, Interest §§ 34, 40.

Am Jur 2d, Pleading §§ 306-338.

Am Jur 2d, Trial §§ 192 *et seq.*

Date from which interest on judgment starts running, as affected by modification of amount of judgment on appeal. 4 ALR3d 1121.

See also the annotations in the ALR3d/4th Quick Index under Appeal and Error.

amendment. The trial court also properly denied defendant's motion to amend the pleadings to conform to the evidence.

3. Defendant failed to preserve for appellate review the issue whether plaintiff's counsel improperly referred to facts not in evidence. Furthermore, the challenged statements did not deny defendant a fair trial. Defendant also failed to preserve for appellate review the issue regarding plaintiff's misstatement of decedent's lost earnings. Defendant was not denied a fair trial by the plaintiff's misstatement of decedent's lost earnings.

4. The Court of Appeals determined, in regard to defendant's second allegation that plaintiff's counsel made statements concerning facts not in evidence, that, while the challenged statements were improper, the remarks did not deny defendant a fair trial and reversal is not required.

5. Defendant's argument that plaintiff's counsel made improper references to the absence of witnesses is without merit.

6. Defendant's argument that reversal is required because plaintiff's counsel referred to insurance during the trial is not supported by the record.

7. The record supports the jury award. The verdict was not so excessive that it shocks the judicial conscience.

8. The trial court properly amended the original order of judgment by deducting the $300,000 settlement from the jury award before recalculating the statutory interest. There was no abuse of discretion.

Affirmed.

1. EVIDENCE — APPEAL — PRESERVING QUESTION — RULES OF EVIDENCE.

Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected and a timely objection appears of record; an objection which was based on one ground in the lower court is insufficient to preserve an appellate attack based on different grounds (MRE 103).

2. PLEADING — AMENDMENT OF PLEADINGS — COURT RULES.

The court rules provide that leave to amend pleadings shall be freely given when justice so requires; the decision to grant or deny leave to amend is within the discretion of the trial court and the decision will not be reversed absent an abuse of discretion; such discretion is limited in that the court must find that justice would not be served by an amendment to the pleadings before denying a motion to amend (GCR 1963, 118.1 [MCR 2.118(A)]).

3. Pleading — Amendment of Pleadings.

Mere lateness in moving to amend pleadings is not a sufficient reason to deny a motion to amend, absent unfair prejudice to the opposing party; the allowance of an amendment is not an act of grace, but a right of a litigant seeking to amend in the absence of a showing of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice, futility of amendment, etc.

4. Pleading — Amendment of Pleadings — Appeal — Court Rules.

A trial court properly denies a defendant's motion to amend the pleadings to conform to the evidence where the issue sought to be raised by such an amendment had not been at least impliedly tried in the trial court (GCR 1963, 118.3 [MCR 2.118(C)]).

5. Appeal — Improper Conduct by Attorney — Preserving Question.

An appellate court, when reviewing an appeal asserting improper conduct of an attorney, should first determine whether or not the claimed error was in fact error and, is so, whether it was harmless; if the claimed error was not harmless, the court must then ask if the error was properly preserved by objection and request for instruction or motion for mistrial; if the error is so preserved, then there is a right to appellate review and, if not, the court must still make one further inquiry and decide whether a new trial should nevertheless be ordered because what occurred may have caused the result or played too large a part and may have denied a party a fair trial; if the court cannot say that the result was not affected, then a new trial may be granted.

6. Trial — Evidence — Comments by Counsel.

It is proper for counsel to point out that an opposing party has failed to produce evidence that it might have produced.

7. Appeal — Jury — Verdict.

A reviewing court will substitute its judgment for that of the jury only where the verdict has been secured by improper methods, prejudice or sympathy, or where it is so excessive as to shock the judicial conscience; the Court of Appeals will not reverse the verdict as excessive where the verdict is within the range of the evidence produced at trial.

8. Judgments — Settlements — Statutory Interest.

A trial court in a wrongful death action properly deducts from

the jury award the amount which the plaintiff has already received prior to the jury award as a result of the settlement of another action by the plaintiff against other defendants involving the same accident complained of in the instant wrongful death action; statutory interest is thereafter properly based on the remaining amount of damages awarded by the jury (MCL 600.6013; MSA 27A.6013).

9. JUDGMENTS — AMENDMENT OF JUDGMENTS — COURT RULES.

It is within a trial court's discretion to amend an original judgment to allow for the proper calculation of the statutory interest due on. the judgment (MCL 600.6013; MSA 27A.6013; GCR 1963, 528.3 [MCR 2.612(C)]).

*Zeff, Zeff & Materna* (by *Michael T. Materna),* and *Gromek, Bendure & Thomas* (by *Mark R. Bendure),* of counsel, for plaintiff.

*Foster, Meadows & Ballard, P.C.* (by *John L. Foster* and *Paul D. Galea),* for defendant.

Before: BEASLEY, P.J., and V. J. BRENNAN and CYNAR, JJ.

PER CURIAM. In this wrongful death action, a Wayne County Circuit Court jury found in favor of plaintiff and against defendant, Security Services, Inc., in the amount of $939,000. Defendant made various motions below, including a motion for judgment notwithstanding the verdict, new trial or *remittitur,* which were denied. Defendant now appeals as of right. Plaintiff cross-appeals.

On the day that the accident complained of occurred, August 31, 1977, plaintiff's decedent, Herbert H. Harvey, was employed by Suburban Tile at Dayton-Hudson's Lakeside Shopping Center construction site. When decedent arrived at the construction site, the electrical power had been turned off in the building and decedent apparently had difficulty seeing in the dark. As he walked into the shopping center building, he fell into a

large unbarricaded hole which was located approximately 120 feet from the construction worker's entrance to the building. Shortly thereafter, a construction worker found decedent lying in the hole. Decedent was still alive but was seriously injured.

John Marinkov testified that he was employed as a security guard by defendant on the day decedent fell into the hole and that he greeted dededent as he walked into the construction site area. Although Marinkov had observed that the hole was not barricaded the night before the accident complained of occurred, he did not warn decedent about the unbarricaded hole.

Maryann Wolar was also working with Marinkov as one of defendant's security guards when decedent entered the construction site. She testified that she was aware of the existence of the hole prior to the accident, but could not remember if she had observed the hole on the night in question. Wolar stated that, if she had been aware of the fact that the barricades surrounding the hole had been removed, she would have replaced them for safety reasons. She further indicated that had she been aware of any danger she would have informed the construction workers, including decedent, of the danger when they entered the bulding.

First, defendant argues that the trial court erred in permitting one of plaintiff's witnesses, George F. Bowden, to provide expert testimony with respect to the standard of care of the owner of the premises.

Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected and a timely objection appears of record. MRE 103. Our review of the record in this case indicates that defendant objected to plaintiff's examination of Bowden con-

cerning the standard of care owed by the owner of the premises on the basis that the question lacked specificity. However, there was no objection raised on the basis that Bowden did not qualify as an expert on this particular matter. Objections based on one ground are insufficient to preserve an appellate attack based on different grounds. *Marietta v Cliffs Ridge, Inc.* 385 Mich 364, 374; 189 NW2d 208 (1971). Defendant has therefore failed to preserve this issue for appellate review.

Defendant next argues that the trial court erred by denying defendant's motion for leave to amend its answer prior to trial and in subsequently denying defendant's motion to amend the pleadings to conform to the proofs.

GCR 1963, 118.1 [MCR 2.118(A)] provides in pertinent part that leave to amend shall be freely given when justice so requires. The decision to grant or deny leave is within the discretion of the trial court and the decision will not be reversed absent an abuse of discretion. *Welke v Kuzilla,* 140 Mich App 658, 665; 365 NW2d 205 (1985). The trial court's discretion is limited in that the court must find that justice would not be served by an amendment to the pleadings before denying a motion to amend. Mere lateness in moving to amend is not a sufficient reason to deny the motion, absent unfair prejudice to the opposing party. *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 658-661; 213 NW2d 134 (1973). The allowance of an amendment is not an act of grace, but a right of a litigant seeking to amend " '[i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive * * *, repeated failure to cure deficiencies * * *, undue prejudice * * *, futility of amendment, etc.' " *Id.,* p 659.[1]

---

[1] Quoting, *Foman v Davis,* 371 US 178, 182; 83 S Ct 227, 230; 9 L Ed 2d 222, 226 (1962).

In the instant case, defendant filed a motion to amend its answer on May 4, 1984, approximately three and one half years after the complaint was filed. On May 25, 1984, Wayne County Circuit Court Judge Thomas J. Foley denied defendant's motion to amend its answer to plead comparative negligence, stating: "I think it is late and I see no justification for it after discovery is closed. I can see where a lot of dicovery will have to be taken." Defendant then moved for rehearing. The motion was heard on June 22, 1984. Judge Foley informed defendant that the discovery period had ended and that the amendment would necessitate a "tremendous amount of discovery" which would probably cause a postponement in the trial date. Judge Foley concluded that he did not have the authority to adjourn the trial date. Defendant then filed a motion to reopen discovery which was heard on July 6, 1984, at proceedings held before Judge Richard D. Dunn. Judge Dunn declined to rule on the motion, apparently on the basis that Judge Foley had the authority to grant discovery. Judge Foley then ruled on defendant's motion to amend as follows:

"*The Court:* As I said before, it substantially changes the theories involved that the defendant will have to defend against. It is a material change in the case; it is on the eve of trial. As long as that trial date stays where it is, I haven't changed my opinion. It is just that basic."

Our review of the record in this case indicates that plaintiff might have been prejudiced by defendant's untimely amendment. The trial court therefore did not abuse its discretion in denying defendant's motion to amend its answer.

Defendant further contends that the trial court erred in refusing to allow defendant to amend the

pleadings to conform to the proofs. GCR 1963, 118.3 [MCR 2.118(C)] provides:

"Amendments to Conform to the Evidence. When issues not raised by pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. In such case an amendment of the pleadings to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, amendment to conform to such proof shall not be allowed unless the party desiring amendment satisifies the court that the amendment and the admission of such evidence would not prejudice the objecting party in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

The record indicates that testimony was presented at trial which, if believed, indicated that there was sufficient lighting in and around the area of the hole which decedent fell into so as to make the hole visible to passers-by. Also, there was testimony that decedent was carrying a flashlight when he entered the building. Defendant claims that because there was no objection to said testimony, defendant was entitled to amend the pleadings at the end of trial to raise the affirmative defense of comparative negligence. We disagree.

GCR 1963, 118.3 [MCR 2.118(C)] requires that the issue be at least impliedly tried. Here, the issue of comparative negligence was not impliedly tired. The testimony which plaintiff elicited at trial regarding the lighting conditions of the construction site during the time in question was introduced for reasons unrelated to decedent's possible negligence. The testimony was introduced to

show that the lighting conditions were so poor that they made the premises unsafe and that notification of the owner was requried. The testimony was also relevant to show the reliability of the witnesses' observations. We conclude that the trial court properly denied defendnant's motion to amend the pleadings to conform to the evidence.

Defendant next argues that the misconduct of plaintiff's counsel denied defendant a fair trial. This argument is based upon alleged improprieties during counsel's closing argument.

In reviewing defendant's argument we follow the procedure set forth by the Supreme Court in *Reetz v Kinsman Marine Transit Co,* 416 Mich 97, 102-103; 330 NW2d 638 (1982):

"When reviewing an appeal asserting improper conduct of an attorney, the appellate court should first determine whether or not the claimed error was in fact error and, if so, whether it was harmless. If the claimed error was not harmless, the court must then ask if the error was properly preserved by objection and request for instruction or motion for mistrial. If the error is so preserved, then there is a right to appellate review; if not, the court must still make one further inquiry. It must decide whether a new trial should nevertheless be ordered because what occurred may have caused the result or played too large a part and may have denied a party a fair trial. If the court cannot say that the result was not affected, then a new trial may be granted. Tainted verdicts need not be allowed to stand simply because a lawyer or judge or both failed to protect the interests of the prejudiced party by timely action." (Footnotes omitted.)

Defendant first contends that plaintiff's counsel improperly referred to facts not in evidence. Defendant states that plaintiff's counsel told the jury, on numerous occasions, what the owner of the construction site premises would have done had

the owner been advised that the hole was not barricaded. Because defendant failed to object to these statements, the issue has not been preserved for apellate review. Furthermore, the challenged statements did not deny defendant a fair trial. Although no evidence was introduced with respect to what information the owner had at the time of the incident, there was evidence that defendant had not informed the owner about the condition of the premises. Also, there was evidence that the standard of care in the construction industry required that once an owner received information that a site was unsafe in some manner it should shut down the site and not allow anyone to enter the site.

Defendant failed to object to plaintiff's misstatement of decedent's lost earnings. The claimed error has therefore not been properly preserved for appellate review. Plaintiff's counsel did state the correct amount of lost earnings at one point during closing argument. The jury was instructed that it was the sole judge of the facts, that the arguments, statements and remarks of the attorneys were not evidence, and that anything not supported by the evidence should be discarded. We conclude that defendant was not denied a fair trial by the plaintiff's misstatement of decedent's lost earnings.

Defendant also contends that plaintiff's counsel made other statements concerning facts not in evidence. Defendant did object to those statements and the trial court instructed plaintiff's counsel to "limit it to the evidence". While the challenged statements were improper, we decline to reverse on this point because the remarks make by plaintiff's counsel did not deny defendant a fair trial.

Defendant next contends that plaintiff's counsel made improper references to the absence of wit-

nesses. It is proper for counsel to point out that an opposing party has failed to produce evidence that it might have produced. *Reetz, supra,* p 109. Defendant's argument is therefore without merit.

Defendant's argument that reversal is required because plaintiff's counsel referred to insurance is not supported by the record. The challenged statement did not expressly mention insurance and was in response to defense counsel's statements that plaintiff wanted money out of his client. Reversal is not required on this point.[2]

Defendant's next argument involves the size of the jury award. Defendant claims that the jury award of $939,000 is grossly excessive. Defendant also contends that the jury did not rationally and dispassionately determine the size of the award.

A reviewing court will substitute its judgment for that of the jury only where the verdict has been secured by imporper methods, prejudice or sympathy, or where it is so excessive as to "shock the judicial conscience". *Gillispie v Board of Tenant Affairs of the Detroit Housing Comm,* 122 Mich App 699, 704; 332 NW2d 474 (1983), *lv den* 417 Mich 1100.37 (1983). Where a verdict is within the range of evidence produced at trial, this Court will not reverse it as excessive. *Kovacs v Chesapeake & O R Co,* 134 Mich App 514, 542; 351 NW2d 581 (1984).

Upon review of the record, we conclude that the record supports the jury award.

Decedent was 61 years old at the time of his death and had a life expectancy of 15.44 years. Michael Minchella, Vice President of Suburban Tile, testified that plaintiff's decedent earned approximately $15 per hour at the time of the accident. He also testified that decedent was a reliable

---

[2] MCL 500.3030; MSA 24.13030 provides that no reference to insurance should be made during the course of trial.

and good worker and had no problems with alcoholism on the job. If decedent had continued to work throughout his life expectancy, he would have obtained earnings of $480,480.

Plaintiff's decedent's children testified that they missed their father, that they had had a good relationship with him and that they were a close family. Plaintiff's decedent had nine children. The record indicates that the jury's award amounts to approximately $100,000 per child or $7,000 per child per year, considering plaintiff's decedent's life expectancy at the time of his death. We do not believe that the jury's verdict is so excessive that it shocks the judicial conscience. See *May v Grosse Pointe Park,* 122 Mich App 295, 298; 332 NW2d 411 (1982) (award of $1,145,000 to parents and three siblings was within limits of what reasonable minds might deem just compensation for the imponderable loss of society and companionship).

Plaintiff, as cross-appellant, argues that the trial court erred in amending the original order of judgment dated August 23, 1984. The trial court amended the original order of judgment by recalculating the statutory[3] interest to which plaintiff was entitled. Prior to the filing of the complaint in the present case, plaintiff filed an action against several other defendants, including Dayton-Hudson. That action involved the same accident complained of herein and was settled prior to the jury verdict in this case for $300,000. The trial court in this action properly amended the original order of judgment by deducting the $300,000 settlement from the $939,000 jury award before recalculating the statutory interest. The statutory interest was therefore based on the remaining amount of dam-

[3] See MCL 600.6013; MSA 27A.6013, which provides that interest shall be allowed on a money judgment recovered in a civil action, as provided in this section.

ages. *Silisky v Midland-Ross Corp,* 97 Mich App 470, 476; 296 NW2d 576 (1980), *lv den* 414 Mich 868 (1982). When plaintiff accepted the $300,000 settlement, he waived his right to statutory interest on that amount of the total damages awarded by the jury. *Rittenhouse v Erhart,* 126 Mich 674, 682; 337 NW2d 626 (1983), *lv granted* 418 Mich 955 (1984).[4] We conclude that it was within the trial court's discretion to amend the original judgment to allow the proper calculation of the statory interest. GCR 1963, 528.3 [MCR 2.612(C)].

Affirmed.

---

[4] Leave to appeal granted and limited to the following issues: 1) whether this Court erred in its method of calculating the judgment amount, and 2) whether this Court erred in its determination of the date from which the appellant is to be charged judgment interest.