## BRADFORD v STATE OF MICHIGAN

Docket No. 86464. Submitted April 16, 1986, at Lansing. Decided August 4, 1986. Leave to appeal applied for.

Plaintiffs, Billy Bradford, Janet Bradford, Brian Bradford, and other similarly situated residents and landowners near the Berlin & Farro hazardous waste site in Genesee County filed a claim in the Court of Claims, alleging that the State of Michigan, through the Department of Natural Resources, is the owner or possessor of the hazardous waste site and that conditions on the waste site constitute a continuing nuisance. Plaintiffs sought damages for: (1) diminution in the value of their property; (2) loss of normal use and enjoyment of their property; (3) dispossession of their property; (4) physical sickness and injury; and (5) mental anguish, annoyance, inconvenience, discomfort, pain and suffering. The court, James T. Kallman, J., granted defendants' motion for summary disposition, ruling that plaintiffs' claim was barred by governmental immunity. A subsequent motion for reconsideration or leave to further amend plaintiffs' pleadings was denied by the court. Plaintiffs appealed. *Held:*

1. Plaintiffs did not sufficiently plead facts to support a claim based on intentional nuisance-in-fact or nuisance per se which would not have been barred by the defense of governmental immunity.

2. The Court of Claims judge did not abuse his discretion in denying plaintiffs leave to amend their complaint, in light of the extreme untimeliness of the motion, the age of the case, and the repeated attempts by the state to abate the alleged nuisance.

Affirmed.

J. P. SWALLOW, J., concurred in result and wrote separately

REFERENCES

Am Jur 2d, Nuisances §§ 48 *et seq.*

Am Jur 2d, Pleading §§ 99 *et seq.,* 230 *et seq.*

Am Jur 2d, Pollution Control §§ 451 *et seq.*

Maintainability in state court of class action for relief against air or water pollution. 47 ALR3d 769.

See also the annotations in the Index to Annotations under Governmental Immunity or Privilege; Nuisances; Pleadings.

to note that the Legislature is constitutionally mandated to provide for the protection of the air, water, and other natural resources of the state from pollution, impairment and destruction and that the actions of the Department of Natural Resources, an agency created by the Legislature, were, in this case, consistent with that mandate and may therefore be viewed as an exercise of governmental function that is immune from tort liability, a claim of nuisance notwithstanding.

MacKenzie, J., concurred in result. She wrote separately to point out that it is not clear whether the judicially created nuisance exception to governmental immunity has survived *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567 (1984), or has been abandoned as a result of the decision in *Ross*.

OPINION BY ALLEN, P.J.

1. MOTIONS AND ORDERS — SUMMARY DISPOSITION — FAILURE TO STATE A CLAIM — COURT RULES.

A motion for summary disposition for failure to state a claim is tested by the pleadings alone; the factual allegations of the complaint are presumed true, along with any inferences or conclusions which may fairly be drawn from the facts alleged; unless the claim is so unenforceable as a matter of law that no factual development could possibly justify recovery, the motion should not be granted (MCR 2.116[C][8]).

2. GOVERNMENTAL IMMUNITY — TORTS — PLEADING.

A plaintiff must plead facts in avoidance of governmental immunity in order to plead a valid claim against a governmental agency; to avoid governmental immunity, the claim stated must fit within one of the legislatively or judicially created exceptions to governmental immunity or demonstrate that the activity alleged is not in the exercise or discharge of a governmental function.

3. GOVERNMENTAL IMMUNITY — NUISANCE — NUISANCE PER SE — INTENTIONAL NUISANCE.

Nuisance per se or intentionally created nuisance-in-fact will defeat a claim of governmental immunity.

4. PLEADING — AMENDMENT OF PLEADINGS — COURT RULES.

The court rules provide that leave to amend pleadings shall be freely given when justice so requires; the decision to grant or deny leave to amend is within the discretion of the trial court and will not be reversed absent an abuse of discretion (MCR 2.118[2]).

Concurring Opinion by J. P. Swallow, J.

5. Governmental Immunity — Constitutional Law.

> The Legislature is constitutionally mandated to provide for the protection of the air, water, and other natural resources of the state from pollution, impairment and destruction; actions taken by the Department of Natural Resources, an agency created by the Legislature, in securing title to a hazardous waste site for purposes of cleaning up and removing hazardous waste and expediting litigation over the waste site may be viewed as an exercise of governmental function that is statutorily immune from tort liability, a claim of nuisance notwithstanding (1963 Const, art 4, § 52; MCL 691.1407; MSA 3.996[107]).

Concurring Opinion by MacKenzie, J.

6. Governmental Immunity — Nuisance — Nuisance-In-Fact — Nuisance Per Se.

> It is not clear whether the judicially created nuisance exception to governmental immunity has survived Ross v Consumers Power Co (On Rehearing), 420 Mich 567 (1984), or has been abandoned as a result of the decision in Ross (MCL 691.1407; MSA 3.996[107]).

*Donnelly W. Hadden, P.C.* (by *Donnelly W. Hadden*), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Steward H. Freeman* and *Patricia D. Hartig,* Assistant Attorneys General, for defendant.

Before: Allen, P.J., and MacKenzie and J. P. Swallow,* JJ.

Allen, P.J. Plaintiffs appeal as of right from a June 19, 1985, order of the Court of Claims granting summary disposition to defendants based on governmental immunity and from a July 24, 1985, order denying plaintiffs' motions for reconsideration and leave to further amend their complaint.

Plaintiffs' first amended complaint alleges that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

plaintiffs are residents and landowners near the defunct Berlin & Farro hazardous waste site in Genesee County and that this site contains over twenty-six million gallons of hazardous liquid waste and over twenty-four thousand cubic feet of hazardous industrial chemicals. Plaintiffs further allege that the State of Michigan is the owner and/or possessor of this land and that the conditions of this state land constitute a continuing nuisance. As a result of the nuisance, plaintiffs alleged the following damages: (1) diminution in the value of their property; (2) loss of normal use and enjoyment of their property; (3) dispossession of their property; (4) physical sickness and injury; and (5) mental anguish, annoyance, inconvenience, discomfort, pain and suffering.

Defendants filed a motion for summary disposition under MCR 2.116(C)(8) and (10) contending that plaintiffs failed to state a claim for which relief can be granted because plaintiffs' claim was barred by governmental immunity. Defendants also sought summary disposition on the ground that there was no genuine issue of material fact for the following reasons:

> a) The nuisance was created by the Berlin and Farro Liquid Incineration Company, prior to the time when the State took title to a portion of the site or obtained any possessory interest in it. The State neither owned *nor* operated the site when wastes were disposed of there.
> b) The State's sole purpose in acquiring and possessing the site was to gain access for purposes of cleaning and removing hazardous substances, and to expedite litigation involving the site.
> c) The State did not take title to a portion of the site "primarily for pecuniary profit."
> d) The "public building", "highway", or "motor vehicle" exceptions to governmental immunity do not apply to this case.

e) The State at all times was subject to the jurisdiction of, and acted under supervision of the Genesee County Circuit Court and court-appointed receivers.

Oral argument on defendants' motion was heard by the Ingham Circuit Court sitting as the Court of Claims on May 22, 1985. On June 19, 1985, in an opinion and order, the court decided that plaintiffs' claims of nuisance were barred both by the governmental immunity act and because the allegations of nuisance sounded only in negligence. The court further determined that plaintiffs' complaint did not allege that the state created the nuisance, but only that the state owned land on which another created a nuisance.

On July 24, 1985, the court denied plaintiffs' motion for reconsideration and for leave to amend their complaint to allege intentional nuisance. From both orders plaintiffs appeal as of right raising two issues: (1) Did the trial court err by granting summary disposition on grounds that plaintiffs' claims were barred by governmental immunity; (2) Did the trial court err by denying plaintiffs' motion to amend their complaint in order to allege intentional nuisance?

I

The motions for summary disposition were filed under both MCR 2.116(C)(8) and (10). The trial court did not state under which subrule the motion was granted, but it is apparent from the court's detailed opinion that the motion was granted for failure to state a claim within a statutorily authorized exception to governmental immunity. Thus, it is clear that the motion was granted under MCR 2.116(C)(8).

A motion for summary disposition for failure to state a claim under MCR 2.116(C)(8) is tested by the pleadings alone. Only the legal basis of the complaint is examined. The factual allegations of the complaint are presumed true, along with any inferences or conclusions which may fairly be drawn from the facts alleged. Unless the claim is so unenforceable as a matter of law that no factual development could possibly justify recovery, the motion should not be granted. *Landry v Detroit,* 143 Mich App 16, 20-21; 371 NW2d 466 (1985), and *Martin v Michigan,* 129 Mich App 100; 341 NW2d 239 (1983).

In order to plead a valid claim against a governmental agency, plaintiffs must plead facts in avoidance of the government immunity act. *Veeneman v Michigan,* 143 Mich App 694, 697; 373 NW2d 193 (1985), citing *McCann v Michigan,* 398 Mich 65; 247 NW2d 521 (1976). To avoid governmental immunity, a plaintiff must state a claim that fits "within one of the legislatively or judicially created exceptions to governmental immunity or . . . [plead] facts which demonstrate that the activity alleged is not in the 'exercise or discharge of a governmental function'." *Veeneman, supra,* pp 697-698, quoting *McCann.*

Plaintiffs do not allege or contend that the state's activities regarding the toxic waste site were proprietary or were not conducted in the exercise of a governmental function. Instead, relying almost exclusively on *Buckeye Union Fire Ins Co v Michigan,* 383 Mich 630; 178 NW2d 476 (1970), plaintiffs contend they have pled a claim of classic nuisance where the state conducts an operation on its own land that is unnatural and which causes some disturbance or damage to the lands of third parties. In reply to this claim, the Attorney General, representing the defendants, offers two

arguments: (1) that *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567; 363 NW2d 641 (1984), abolished the common-law nuisance exception to governmental immunity and (2) that the factual situation in the instance case is not a *Buckeye*-type nuisance claim but is a negligent nuisance situation lacking the necessary element of an intentionally created nuisance. We disagree with the Attorney General on the first ground, but agree with him on the second.

The contention that the case of *Ross* abolished the common-law nuisance exception to governmental immunity has been rejected by numerous panels of this Court. See, *Attorney General v Ankersen,* 148 Mich App 524; 385 NW2d 658 (1986); *Dinger v Dep't of Natural Resources,* 147 Mich App 164; 383 NW2d 606 (1985); *Schroeder v Canton Twp,* 145 Mich App 439, 440-441; 377 NW2d 822 (1985); *Veeneman, supra,* pp 699-700; *Moore v City of Pontiac,* 143 Mich App 610, 613; 372 NW2d 627 (1985), and *Landry, supra,* pp 22-23.[1]

However, clearly the instant situation is not a *Buckeye*-type nuisance situation. There the negligence upon which the state based its defense of governmental immunity was the failure to abate the existing fire hazard nuisance that was on the land when the state took title. In the instant case, the situation was completely the reverse. For ten years or more the state had been in litigation to prevent the nuisance. For nine years or more, during which the state was in litigation attempting to close down the dump, title to the property was in the name of the private owners of the dump site or in third parties who leased the property to the dump operators. Further, when the state finally acquired title, the state, instead of

---

[1] On February 5, 1986, the Supreme Court granted leave to appeal in *Veeneman* and *Landry, supra.*

doing nothing to abate the nuisance as in *Buckeye,* proceeded under court supervision to abate the nuisance.

Nevertheless, nuisances per se and intentionally created nuisances remain a bar to the defense of governmental immunity. *Moore v City of Pontiac, supra,* and *Disappearing Lakes Ass'n v Dep't of Natural Resources,* 121 Mich App 61, 66; 328 NW2d 570 (1982), aff'd sub nom *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567; 363 NW2d 641 (1984). An intentional nuisance exists where the "governmental agency intended to bring about the conditions found to be a nuisance." *Landry, supra.* Thus, the relevant question presented is whether plaintiffs' allegations of nuisance, set forth in paragraphs three through seven of the amended complaint, sufficiently allege an intentionally created nuisance or nuisance per se. They read:

> 3. That the Defendant, State of Michigan, is the owner and/or in possession of certain lands situated in Gaines Township, Genesee County, Michigan, described as:
>
> N. ½ of N. ½ of S.E. ¼ of Sec. 23 T6N, R5E, Genesee County, Michigan.
>
> 4. That the said lands contain over 26 million gallons and over 24 thousand cubic feet of hazardous industrial chemicals, wastes and contaminated earth, including, but not limited to dichloroethane, trichloroethane, xylene, toluene, C-56, C-58, tetrachlorocyclopentene, cadmium, chromium, other heavy metals, organic contaminates and dioxin.
>
> 5. That a present risk exists that these hazardous materials may migrate to the plaintiffs' residences producing a danger to their health, safety and welfare.
>
> 6. That condition of the said State land constitute a continuing nuisance as to the Plaintiffs.
>
> 7. That the conditions and activities on the said

land were and are ultrahazardous and abnormally dangerous and non-natural for which Defendant is strictly liable.

We do not find these allegations to sufficiently state a claim of an intentionally created nuisance or a nuisance per se. At no place in the complaint do plaintiffs allege that the state created or was instrumental in creating the nuisance. Nevertheless, plaintiffs argue that, because the state licensed the area and allowed its then private owners to operate the dump and to continue to discharge hazardous waste materials therein, the state intentionally created a nuisance. A similar claim was raised and recently rejected in *Attorney General v Ankersen, supra.* In that case the DNR and the State of Michigan commenced an action against defendants to abate a nuisance caused by improper storage of hazardous waste by the defendants. Several defendants filed a counter-complaint claiming that the DNR participated in the creation of the nuisance and that their activities amounted to an uncompensated taking of private property. Counter-complainants' theory was that by licensing the dump and failing to properly supervise the toxic waste disposal operation, the DNR participated in creating a nuisance.

This theory is similar to the theory advanced by plaintiffs in the present case. The *Ankersen* panel held that the counter-plaintiffs' claims were barred by the governmental immunity act, stating:

It is readily apparent from *Disappearing Lakes* and the cased cited therein that "control" of the property means more than issuing a permit or regulating an activity on the property, as is alleged in the present case. We conclude, as did the Supreme Court in affirming this Court in *Disappearing Lakes,* that counter-plaintiffs have essen-

tially asserted only a negligence claim. [*Ankersen,
supra,* p 560.]

Accordingly, since plaintiffs' complaint did not
allege that the state created the claimed nuisance,
or was instrumental in assisting its creation, the
trial judge did not err in ruling that the complaint
failed to properly allege an exception to the de-
fense of governmental immunity.

II

On June 19, 1985, the trial court issued its
opinion and order granting the state's motion for
summary disposition based on governmental im-
munity. Not until July 9, 1985, did plaintiffs file a
motion for rehearing or reconsideration and, alter-
natively, for leave to file an amended complaint.
On July 24, 1985, the trial court denied plaintiffs'
motions for reconsideration and leave to amend
their complaint, stating in regard to plaintiffs'
motion for leave to amend:

The Court does not believe that justice requires,
or would permit, amendment of Plaintiffs' Com-
plaint at this late date.

Plaintiffs appeal from the denial of their motion
for leave to file an amended complaint.

MCR 2.118(2) provides, in part, that leave to
amend a pleading "shall be freely given when
justice so requires." The decision to grant or deny
leave is within the discretion of the trial court and
the trial court's decision will not be reversed ab-
sent an abuse of discretion. *Harvey v Security
Services, Inc,* 148 Mich App 260; 384 NW2d 414
(1986), and *Welke v Kuzilla,* 140 Mich App 658,
665; 365 NW2d 205 (1985). However, the discretion
of the trial court is limited because the court

"must find that justice would not be served by an amendment to the pleading before denying the motion to amend." *Harvey, supra,* p 265.

Mere lateness in moving to amend a pleading is an insufficient reason to deny the motion, unless the lateness would work an unfair prejudice to the opposing party. *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 658, 661; 213 NW2d 134 (1973).

> Delay by a moving party in offering an amendment can be a major source of prejudice to the opposing party. Witnesses may die. Evidentiary material may be lost or destroyed. Unnecessary expense may be incurred during the pretrial proceedings. The litigation may proceed to a point where the opposing party cannot reasonably be expected to defend against the amendment; this is an especially pertinent factor on the eve of, during, or after trial. [390 Mich 663.]

The current litigation between the state and the owners and operators of the Berlin & Farro hazardous waste site had been going since 1975. The instant suit in the Court of Claims was three years old. The scheduling conference order dated March 27, 1985, prepared by plaintiffs' counsel stated that discovery would be cut off by May 17, 1985; that motions on pleadings would be made by June 28, 1985; that trial would take place after September 3, 1985; that pleadings were satisfactory and "no further amendments [were] needed." Further, it is not disputed that during the ten-year period of litigation over the Berlin & Farro waste site, the state action to close the dump and minimize the hazard involved was under the supervision of the circuit court and federal courts. Given the extreme untimeliness of the motion, the age of the case, and the repeated attempts of the state to abate the nuisance, we cannot say that the trial court

abused its discretion in disallowing the proposed amendment.

Affirmed. No costs, a question of public importance being involved.

J. P. Swallow, J. (*concurring in result with* Allen, P.J.). I write separately to point out that, in my view, the governmental tort liability act, MCL 691.1401 *et seq.;* MSA 3.996(101) *et seq.,* may be a bar to a tort claim sounding in nuisance that is made against a governmental agency. *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567; 363 NW2d 641 (1984).

The specific governmental activity complained of by plaintiffs in this action is the State of Michigan's ownership of a hazardous waste site in conjunction with the abatement of the same by the Department of Natural Resources.

The Legislature is constitutionally mandated to provide for the protection of the air, water, and other natural resources of the state from pollution, impairment, and destruction. Const 1963, art 4, § 52.

For the Department of Natural Resources, a creature of the Legislature, MCL 16.350; MSA 3.29(250), to accept title to the waste site in the name of the state for the purposes of cleaning up and removing hazardous substances and expediting litigation concerning the site is impliedly, if not expressly, mandated by the constitutional proviso, and thus under *Ross,* may be considered a governmental function. *Ross, supra,* p 620.

Section 7 of the governmental tort liability act provides that, except for certain limitations all governmental agencies shall be immune from tort liability in all cases where they are engaged in the exercise and discharge of a governmental function. MCL 691.1407; MSA 3.996(107).

Plaintiffs, in bringing a tort action against a governmental agency, must plead facts in their complaint in avoidance of a governmental immunity, i.e., they must allege facts that would justify a finding that the alleged tort does not fall within the concept of sovereign or governmental immunity. *Galli v Kirkeby,* 398 Mich 527, 532, 540-541; 248 NW2d 149 (1976). This may be accomplished by stating a claim which fits into one of the statutory exceptions, or by pleading facts which demonstrate that the tort occurred during the exercise or discharge of a nongovernmental or proprietary function. *Ross, supra,* p 621, n 34.

The governmental activity complained of in this action does not fit into one of the statutory exceptions, nor is it proprietary. Thus, plaintiffs presumably seek to avoid governmental immunity by pleading in their first amended complaint that the conditions on the state land constitute a continuing nuisance. Nuisance is a species of tort, Prosser & Keeton, Torts (5th ed), § 87, p 622, and thus a basis for tort liability and within the express scope of § 7.

Historically, the factual pleading of claims which would constitute a nuisance have survived assertions of governmental immunity, not because the claim was characterized as a nuisance, but because the state activity complained of was construed to be a constitutionally unpermitted taking of private property. See *Pennoyer v Saginaw,* 8 Mich 534 (1860), and *Ashley v Port Huron,* 35 Mich 295 (1877), relying upon *Pumpelly v Green Bay & Mississippi Canal Co,* 80 US (13 Wall) 166; 20 L Ed 557 (1872), wherein the Court reasoned that the constitutional provision of the United States, and of the several states which declare that private property shall not be taken for public use

without just compensation, were intended to establish this principle beyond legislative control.

In addressing the application of the statute to this case, a confrontation between the constitution and the statute may be avoided as a definition of the term "governmental function" is not contained within the statute and the term, being one of art, is thus subject to judicial interpretation. *Ross, supra,* pp 608-610.

While *Ross* judicially defined a governmental function as an activity authorized by the constitution, it may also be reasonable to presume that when another section of the constitution is read to require payment of compensation as a result of the same activity the Legislature intended to except that activity from their statutory assertion of immunity.

That precise issue, however, is not presented to this panel, as the instant case may be disposed of by only noting that plaintiffs' first amended complaint does not adhere to the pleading requirements of *Ross,* nor does the record reveal any proposed pleading filed in support of plaintiffs' motion for leave to amend which articulates an actionable claim against a governmental agency.

For the reasons expressed, I find that the trial judge was correct in holding that plaintiffs' pleadings do not state a claim upon which relief can be granted, MCR 2.116(C)(8), and that he did not abuse his discretion by denying plaintiffs' motion seeking leave to file an amended complaint. *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649; 213 NW2d 134 (1973), and *Welke v Kuzilla,* 140 Mich App 658, 665; 365 NW2d 205 (1985).

MACKENZIE, J. *(concurring in result with* ALLEN, P.J.*).* I also concur with the result reached in the lead opinion. I write separately because I believe

the lead opinion too hastily dismisses the question of whether the intentional nuisance exception to governmental immunity has been abolished by *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567; 363 NW2d 641 (1984).

When a plaintiff suing the state pleads facts which demonstrate that the activity alleged is in the "exercise or discharge of a governmental function," MCL 691.1407; MSA 3.996(107), the claim is barred by governmental immunity unless the plaintiff has pled facts which fit within one of the exceptions to governmental immunity. The Legislature has codified four such exceptions. MCL 691.1402; MSA 3.996(102), MCL 691.1405, MSA 3.996(105), MCL 691.1406; MSA 3.996(106), and MCL 691.1413; MSA 3.996(113). In *Rosario v City of Lansing,* 403 Mich 124; 268 NW2d 230 (1978), and *Gerzeski v Dep't of State Highways,* 403 Mich 149; 268 NW2d 525 (1978), five justices agreed that claims of nuisance per se and intentional nuisance-in-fact represent judicially created exceptions to governmental immunity.

Several panels of this Court have been willing to infer from the Supreme Court's disposition in *Disappearing Lakes Ass'n v Dep't of Natural Resources,* 420 Mich 567, 657; 363 NW2d 641 (1984), one of the cases decided with *Ross,* that the judicially created intentional nuisance exception to governmental immunity has survived the *Ross* decision. See, e.g., *Attorney General v Ankersen,* 148 Mich App 524; 385 NW2d 658 (1986); *Dinger v Dep't of Natural Resources,* 147 Mich App 164; 383 NW2d 606 (1985); *Schroeder v Canton Twp,* 145 Mich App 439; 377 NW2d 822 (1985); *Veeneman v Michigan,* 143 Mich App 694; 373 NW2d 193 (1985), lv gtd 424 Mich 876 (1986); *Moore v City of Pontiac,* 143 Mich App 610; 372 NW2d 627 (1985), and *Landry v Detroit,* 143 Mich App 16; 371 NW2d 466 (1985), lv gtd 424 Mich 876 (1986). The

lead opinion, relying on these cases, apparently also adopts this position.

In my view, the inference that the Supreme Court in *Disappearing Lakes, supra,* intended to retain the judicially created intentional nuisance exception is tenuous at best. Indeed, the opposite inference may also be drawn from *Ross.* In the pre-*Ross* case of *McCann v Michigan,* 398 Mich 65, 77; 247 NW2d 521 (1976) (opinion of RYAN, J.), it was stated that a plaintiff may plead facts in avoidance of immunity "by stating a claim which fits within one of the legislatively *or judicially created* exceptions to governmental immunity." (Emphasis added.) In *Ross,* however, the same proposition is stated very differently:

> [P]laintiffs must plead facts in their complaint in avoidance of immunity . . . . This may be accomplished by stating a claim which fits within one of the statutory exceptions or pleading facts which demonstrate that the tort occurred during the exercise or discharge of a non-governmental or proprietary function. See *McCann, supra,* p 77 (opinion of RYAN, J.), [420 Mich 621, n 34.]

Notably absent in *Ross* is the above-emphasized "or judicially created" language of *McCann.* The obvious inference is that the intentional nuisance exception is no longer viable.

Whatever the status of the intentional nuisance exception, I agree that in this case plaintiffs have failed to plead in avoidance of governmental immunity. If the exception has not survived *Ross,* plaintiffs' claim fails in that they have not alleged a proprietary activity. If the exception remains as the lead opinion asserts, plaintiffs have failed to properly plead an intentional nuisance-in-fact. See *Garcia v City of Jackson,* 152 Mich 254; 393 NW2d 599 (concurring opinion of R. C. KAUFMAN, J.).

I therefore concur in the result reached in the lead opinion.