KEARNEY v DEPARTMENT OF MENTAL HEALTH

Docket No. 90471. Submitted February 19, 1987, at Detroit. Decided May 16, 1988.

Roger P. Kearney, III brought an action in Washtenaw Circuit Court against the Department of Mental Health and its director, C. Patrick Babcock, claiming that, under the Freedom of Information Act, he is entitled to free copies of his records of treatment at the Center for Forensic Psychiatry. The trial court, Ross W. Campbell, J., granted summary disposition in favor of defendants, ruling that plaintiff had failed to state a claim upon which relief could be granted. Plaintiff appealed.

The Court of Appeals *held:*

The FOIA provides that the holder of a public record may charge a fee for providing copies of public records limited to the actual cost of mailing, duplication, search and other actual costs. The act also provides that records may be furnished without charge only if the public body determines that it is in the public interest, and that copies of public records are to be furnished without charge for the first $20 of the fee for each request upon receipt of an affidavit showing inability to pay because of indigence. In this case, disclosure of the records sought was not a matter of public interest and plaintiff failed to submit an affidavit of indigence. The trial court therefore did not err in granting summary disposition in favor of defendants.

Affirmed.

1. STATUTES — FREEDOM OF INFORMATION ACT — DISCLOSURE EXEMPTIONS.

The Freedom of Information Act exempts from disclosure any

REFERENCES

Am Jur 2d, Records and Recording Laws §§ 14, 36, 40.

Patient's right to disclosure of his or her own medical records under state freedom of information act. 26 ALR4th 701.

What constitutes personal matters exempt from disclosure by invasion of privacy exemption under state freedom of information act. 26 ALR4th 666.

Physician-patient privilege as extending to patient's medical or hospital records. 10 ALR4th 552.

records or information exempted from disclosure by other statutory authority (MCL 15.243[1][d]; MSA 4.1801[13][1][d]).

2. MENTAL HEALTH — TREATMENT RECORDS — DISCLOSURE.

The records of a recipient of mental health treatment are confidential and exempt from disclosure under the Mental Health Code; however, such treatment records may be disclosed upon the consent of the holder of the records and the recipient of treatment (MCL 330.1748[5]; MSA 14.800[748][5]).

3. STATUTES — FREEDOM OF INFORMATION ACT — FEES.

The holder of records, disclosure of which is sought under the Freedom of Information Act, may charge a fee for providing copies; such fee is limited to the actual cost of mailing, duplication, search and any other actual costs; records may be furnished without charge only if the public body determines that it is in the public interest; upon the request of an indigent person, a copy of a public record is to be furnished without charge for the first $20 of the fee for each request upon receipt of an affidavit showing inability to pay because of indigence (MCL 15.234[1]; MSA 4.1801[4][1]).

Roger P. Kearney, III, in propria persona.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *George L. McCargar* and *Irene M. Mead,* Assistant Attorneys General, for defendants.

Before: D. E. HOLBROOK, JR., P.J., and J. B. SULLIVAN and M. WARSHAWSKY,* JJ.

M. WARSHAWSKY, J. Plaintiff appeals as of right from an order of summary disposition on plaintiff's complaint seeking plaintiff's treatment records from defendant pursuant to the Freedom of Information Act, MCL 15.231 *et seq.;* MSA 4.1801(1) *et seq.* We affirm.

This appeal involves the refusal of the Center for Forensic Psychiatry (CFP) to provide plaintiff with free copies of his treatment records, compiled

* Circuit judge, sitting on the Court of Appeals by assignment.

between November, 1972, and July, 1975. Plaintiff, an inmate at the Kinross Correctional Facility, was committed to the CFP until he was found competent to stand trial. Plaintiff's initial letter to the CFP noted his indigence and requested copies of his treatment records pursuant to the FOIA. In a response letter, the CFP advised plaintiff that, pursuant to the Michigan Mental Health Code, plaintiff was entitled to a copy of his records upon prepayment of $80, which represented a charge of ten cents per page for the 800-page file. In a subsequent correspondence, plaintiff repeated his request for free copies, and the CFP again refused.

Plaintiff brought an action under the FOIA in the Washtenaw Circuit Court following the CFP's decision. Defendant moved for summary disposition, alleging a failure to state a claim upon which relief could be granted under MCR 2.116(C)(8). On November 25, 1985, the circuit court granted defendant's motion. On January 24, 1986, the court denied plaintiff's motion to set aside the opinion and order.

Plaintiff argues that the trial court erred in summarily dismissing his complaint.

A motion for summary disposition based on failure to state a claim tests the legal sufficiency of the complaint. The reviewing court must rely on the pleadings alone and assume that the factual allegations in the complaint are true along with any inferences which may be drawn from those facts. The motion should be granted only when the claim is so unenforceable as a matter of law that no factual development could possibly justify a right to recovery. *Bradford v Michigan,* 153 Mich App 756, 761;396 NW2d 522 (1986).

The FOIA exempts from disclosure any records or information exempted from disclosure by other statutory authority. MCL 15.243(1)(d); MSA

4.1801(13)(1)(d). The treatment records sought by plaintiff in the instant case are deemed confidential and exempt from disclosure under the Mental Health Code, MCL 330.1748; MSA 14.800(748). However, treatment records of mental health patients may be disclosed where the holder of the record and the recipient of treatment consent. MCL 330.1748(5); MSA 14.800(748)(5). With regard to the manner of disclosure, the FOIA provides that the holder may charge a fee for providing copies of public records limited to actual mailing, duplication, search and other actual costs. Records may be furnished without charge only if the public body determines that it is in the public interest. For an indigent, a copy of a public record is to be furnished without charge for the first $20 of the fee for each request upon receipt of an affidavit showing inability to pay because of indigence. MCL 15.234(1); MSA 4.1801(4)(1).

In the instant case, defendant consented to provide plaintiff a copy of his treatment records upon payment of an $80 copying fee, which did not cover the cost of searching, reviewing and mailing the record. Such disclosure was not a matter of public interest. Because plaintiff failed to attach an affidavit of indigence to his request, the $80 copying fee was not improper under the FOIA. At best, plaintiff may request the $20 waiver, leaving a $60 charge. Under the circumstances, however, no factual development could have established a right for plaintiff, although indigent, to receive copies of his 800-page treatment record without charge. Therefore, the circuit court properly dismissed plaintiff's complaint for failure to state a claim upon which relief could be granted. *Bradford, supra.*

We find plaintiff's remaining issues to be without merit.

Affirmed.