GUINAN v TRUSCOTT

Docket No. 91108. Submitted June 2, 1987, at Detroit. Decided April 4, 1988.

Kristy Kramer died of injuries suffered in an automobile accident which occurred when the automobile in which she was riding crossed the centerline of the highway and collided with another vehicle. Lucy Guinan, as personal representative of the estate of Kristy Kramer, brought an action in St. Clair Circuit Court against C. W. Truscott, a St. Clair County deputy sheriff, and the St. Clair County Sheriff's Department, alleging that about one hour before the accident the automobile in which decedent was riding had been stopped by Truscott and that the driver, Richard Koths, even though he was visibly intoxicated, had not been arrested but rather had only been given a citation for failure to have proof of registration and that the failure to detain Koths ultimately resulted in decedent's death. Count I of the complaint alleged negligence on the part of Truscott in not arresting Koths. Count II alleged negligence on the part of the St. Clair County Sheriff's Department in training Truscott. Count III alleged a failure on the part of both defendants to take affirmative steps to remedy the nuisance created by Koths' operation of a motor vehicle while intoxicated. Defendants moved for summary judgment on the basis of governmental immunity and the lack of any duty running to plaintiff's decedent. The trial court, Ernest F. Oppliger, J., granted defendants' motion as to Counts I and II, but denied the motion with respect to Count III. Defendants appeal by leave granted.

The Court of Appeals held:

It is unnecessary to decide whether governmental immunity is applicable where a nuisance in fact is alleged, since it is clear that plaintiff failed to adequately plead an actionable claim of nuisance in fact. To properly plead nuisance in fact

REFERENCES

Am Jur 2d, Sheriffs, Police, and Constables § 94.

Failure to restrain drunk driver as ground of liability of state or local government unit or officer. 48 ALR4th 320.

What amounts to violation of drunken-driving statute in officer's "presence" or "view" so as to permit warrantless arrest. 74 ALR3d 1138.

one must plead that the person alleged to have created the nuisance intended to bring about the conditions which are found to be in fact a nuisance. Plaintiff failed to allege facts sufficient to establish the intent element. Accordingly, the trial court should have granted summary judgment as to the nuisance count.

Reversed.

NUISANCE — NUISANCE IN FACT — PLEADING — INTENT.

Allegations that a police officer did not arrest a visibly intoxicated driver are not sufficient to plead an action for intentional nuisance in fact against the officer for damages arising out of an automobile accident which occurred shortly after the officer released the intoxicated driver, since such pleadings fail to aver that the officer intended by deliberate conduct to bring about the alleged intentional nuisance; such pleadings rather plead a negligence action arising out of the officer's alleged negligent failure to discharge a decisional act.

*James T. Miller,* for plaintiff.

*Luce, Henderson, Bankson, Heyboer & Lane* (by *Peter Shane Burleigh*), for defendants.

Before: WAHLS, P.J., and J. H. GILLIS and C. W. SIMON, JR.,* JJ.

C. W. SIMON, JR., J. Defendants, Deputy C. W. Truscott and the St. Clair County Sheriff's Department, appeal by leave granted from a January 13, 1986, order denying their motion for summary disposition as to plaintiff's intentional nuisance claim. We reverse.

Plaintiff, Lucy Guinan, commenced this action as the personal representative of the estate of her daughter, Kristy Kramer, who died as a result of an automobile accident on March 9, 1982. The three-count complaint, filed December 2, 1983, alleged that Kristy Kramer was in an automobile operated by Ronald Koths while he was visibly

---

* Circuit judge, sitting on the Court of Appeals by assignment.

intoxicated. At about 9:50 A.M., the automobile was stopped by Deputy Truscott, who allegedly issued a citation to Koths for failure to have proof of registration, then released Koths. About one hour later, Koths drove the automobile across the center line of the highway and collided with another vehicle, causing Kristy Kramer's death.

In Count I of the complaint, plaintiff alleged negligence on the part of Deputy Truscott in not arresting Koths. In Count II, plaintiff alleged negligence on the part of the St. Clair County Sheriff's Department in training Deputy Truscott. In Count III, plaintiff alleged a failure on the part of both defendants to take affirmative steps to remedy a nuisance created by Koths' operation of a motor vehicle while intoxicated.

On July 25, 1984, defendants moved for summary judgment, now summary disposition, on all counts under GCR 1963, 117.2(1), now MCR 2.116(C)(8), based on the governmental immunity act, MCL 691.1401 et seq.; MSA 3.996(101) et seq. In support of the motion, defendants also asserted that they owed no duty to plaintiff to arrest Koths, that duty being owed to the public generally and not to any particular individual.

On January 13, 1986, the trial court entered an order granting summary disposition in favor of defendants as to Counts I and II, but denying summary disposition as to Count III. Summary disposition was denied on Count III on the basis of the court's ruling that a nuisance is a judicially created exception to governmental immunity from tort liability and that plaintiff properly had pled an intentional nuisance claim.

On appeal, defendants raise two grounds for their claim that the trial court erred in not granting summary disposition as to Count III, and one

additional reason for reversal which was not presented to the trial court.

A motion for summary disposition based on the failure to state a claim tests the legal basis of the complaint, not whether it can be factually supported. *Jones v Employer's Ins of Wausau,* 157 Mich App 345, 349; 403 NW2d 130 (1987), lv den 428 Mich 899 (1987). The court must accept as true all well-pled facts and determine whether the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a recovery. *Beauchamp v Dow Chemical Co,* 427 Mich 1, 5-6; 398 NW2d 882 (1986).

Defendants first argue that plaintiff failed to state a claim for intentional nuisance because they are entitled to governmental immunity under *Ross v Consumers Power Co (On Reh),* 420 Mich 567; 363 NW2d 641 (1984). Because a plaintiff need not plead facts in avoidance of immunity in his or her complaint to maintain an action against a governmental employee, as distinguished from a governmental entity, we shall consider this issue only as it pertains to the defendant St. Clair Sheriff's Department. *Hoffman v Genesee Co,* 157 Mich App 1; 403 NW2d 485 (1987), lv den 428 Mich 902 (1987).

Under MCL 691.1407; MSA 3.996(107), governmental agencies are immune from tort liability when engaged in governmental functions. "Governmental function" was broadly defined in *Ross, supra,* p 620, as "an activity which is expressly mandated or authorized by constitution, statute or other law."[1] Although defendant argues that *Ross* abolished the common law nuisance exception to governmental immunity, we note that the *Ross* Court expressly declined to determine whether

[1] This definition was subsequently added to the governmental immunity act. MCL 691.1401(f); MSA 3.996(101)(f).

this exception remains viable. *Id.,* pp 610-611, n 27. The decisions of this Court following *Ross,* however, have repeatedly held that governmental immunity does not bar a claim for intentional nuisance. *Chapin v Coloma Twp,* 163 Mich App 614; 415 NW2d 221 (1987), *Li v Wong,* 162 Mich App 767, 773; 413 NW2d 493 (1987), *Guilbault v Dep't of Mental Health,* 160 Mich App 781; 408 NW2d 558 (1987), and see *Velmer v Baraga Area Schools,* 157 Mich App 489; 403 NW2d 171 (1987), lv gtd on other grounds 428 Mich 910 (1987). While we question the continued viability of these decisions in light of our Supreme Court's recent holding in *Smith v Dep't of Public Health,* 428 Mich 540, 544; 410 NW2d 749 (1987), that there is no "intentional tort" exception to governmental immunity,[2] we need not decide this issue for purposes of this case, since it is clear that the second ground relied on by defendants in claiming error demonstrates that plaintiff failed to state a claim for intentional nuisance.

Defendants argue that plaintiff failed to plead sufficient facts to support a cause of action for intentional nuisance. We agree. "Too often, 'nuisance' terminology is used to mask what are, in fact, simple negligence claims for the purpose of avoiding some effects of calling it what it is, a negligence claim." *Schroeder v Canton Twp,* 145 Mich App 439, 441; 377 NW2d 822 (1985).

[2] While a majority agreed in a memorandum opinion that there is no "intentional tort" exception, the *Smith* Court produced three authored opinions, each concurred in by one other justice. As observed by Justice BRICKLEY, the focus of a governmental agency's immunity should be on the general activity involved, as opposed to the specific conduct, at the time the alleged tort occurred. *Smith, supra,* pp 607-609. Where, as here, the activity involves whether Deputy Truscott should or should not have arrested Koths during the traffic stop, a recognized governmental function, it is difficult to envision governmental immunity not being available to the sheriff's department. See *Ross, supra,* pp 659-661; *Sherbutte v Marine City,* 374 Mich 48; 130 NW2d 920 (1964).

Count III of plaintiff's complaint is based on the nuisance category known as a nuisance in fact. *Martin v Michigan,* 129 Mich App 100, 108; 341 NW2d 239 (1983), lv den 422 Mich 891 (1985). A nuisance in fact is actionable by reason of circumstances and surroundings, and an act may be found to be a nuisance in fact if its natural tendency is to create danger and inflict injury to persons or property. *Id.* The nuisance in fact is intentional if the creator intends to bring about the conditions which are in fact found to be a nuisance. *Rosario v Lansing,* 403 Mich 124, 142; 268 NW2d 230 (1978) (MOODY, J., concurring); *Denny v Garavaglia,* 333 Mich 317; 52 NW2d 521 (1952).[3]

Here, plaintiff alleged that the operation of a motor vehicle by Koths while visibly intoxicated constituted a nuisance. Plaintiff also alleged that Deputy Truscott could be linked to this nuisance by his failure to take remedial action to prevent

[3] There appears to be a conflict in the decisions of this Court on whether this intent element should be further defined as requiring that the creator of the nuisance know or must know that harm is substantially certain to follow. See *Chapin, supra,* p 619, n 1; *Velmer, supra,* p 500; *Garcia v City of Jackson,* 152 Mich App 254, 260, n 1; 393 NW2d 599 (1986). This conflict, however, seems to have little significance in view of the reliance of the decisions on Justice MOODY's rationale in *Rosario, supra,* and *Gerzeski v Dep't of State Highways,* 403 Mich 149; 268 NW2d 525 (1978). In *Rosario, supra,* p 143, n 2, Justice MOODY stated:

In discussing conduct that may result in nuisance liability, William Prosser made the following differentiations between intentional nuisances and negligent nuisances:

"Occasionally [intentional nuisances] proceed from a malicious desire to do harm for its own sake; but more often they are intentional merely in the sense that the defendant has created or continued the condition causing the nuisance *with full knowledge* that the harm to the plaintiff's interests is substantially certain to follow."

We, therefore, conclude that the "knowledge" standard is applicable in a proper case.

Koths from driving the vehicle while intoxicated and further attempted to link the sheriff's department to this nuisance by imputing Deputy Truscott's notice of Koths' intoxication to it.[4]

A conflict presently exists in this Court on the question whether the omission to act can be the basis of an intentional nuisance action. See *Chapin, supra,* p 619, and the cases cited therein. However, notwithstanding whether the "act" of omission may be actionable, this does not obviate the need to establish intent on the part of defendants. The allegations contained in Count III of plaintiff's complaint, even when accepted as true, fail to plead sufficient facts of an intent on the part of either defendant or, in other words, that defendants knew or must have known that injury was substantially certain to result if Koths was permitted to drive the vehicle. Although Count III does contain the word "purposely," when viewed in context, it fails to plead the type of deliberate conduct that gives rise to an intentional nuisance claim. Instead, Count III sounds directly in negligence, referring to Deputy Truscott's duty to monitor traffic violations and enforce criminal laws, to his alleged breach of duty by failing to take remedial action, and to the "negligence" of the defen-

---

[4] Paragraphs 2 and 3 of Count III state:

2. That the operation of a motor vehicle by said Ron Burton Koth, while said Ron Burton Koth [sic] was under the influence of intoxicating liquor and/or drugs constituted a nuisance of which Defendant, C. W. Truscott, and Defendant, St. Clair County Sheriff's Department, through its deputy, C. W. Truscott, had ample and adequate notice, and despite a duty to remedy same, and despite having available means to do so, Defendants or each of them did fail in said duties and purposely took to [sic, no] affirmative steps to remedy same.

3. That as a direct result of the breach of said duty, and negligence of the Defendants C. W. Truscott and St. Clair County Sheriff's Department, Plaintiff decedent did suffer injuries which caused her death.

dants in causing Kristy Kramer's death. Even when construed liberally, plaintiff's complaint merely alleges the negligent performance of a decisional act. Since plaintiff has not pled sufficient facts of an intentional nuisance, we conclude that the trial court erred in denying defendants' motion for summary disposition as to Count III.

We further note that this is not a case that justifies allowing plaintiff an opportunity to amend her complaint. See MCR 2.116(I)(5). Plaintiff does not dispute that the discovery in this case stemming from the complaint revealed that Deputy Truscott may have taken some remedial action by giving Koths a sobriety test, then having another passenger in the vehicle drive. Instead, plaintiff argues that "[t]he steps allegedly taken by the Deputy to correct the problem must be viewed in the light that Mr. Koths switched back to driving shortly after the Deputy was out of sight," and that it is not possible to rule as a matter of law that Deputy Truscott's actions were reasonable or did not, in fact, effectively create the condition. While these matters are perhaps relevant to the judgment and discretion exercised by a law enforcement officer as to when, where and how to act to accomplish his or her duties, *Ross, supra,* p 661, they hardly form a basis of a claim for intentional nuisance.

Reversed.